2010 ND 34

**Anthony L. DAVIS, Plaintiff and Appellant**

v.

**Wade G. ENGET, Defendant and Appellee**

and

**Tom P. Slorby, Defendant.**

No. 20090329.

Supreme Court of North Dakota.

Feb. 22, 2010.

Anthony L. Davis, self-represented, plaintiff and appellant.

Sara Elizabeth Ruliffson (argued) and Richard H. McGee II (appeared), Minot, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Anthony Davis appeals the district court's judgment dismissing his legal malpractice action against Wade Enget. We affirm, concluding Davis' failure to present expert testimony on Enget's alleged breach of duty precluded him from demonstrating a genuine issue of material fact exists.

I

[¶ 2] In 2002, Enget and Tom Slorby represented Davis in a medical malpractice action against UniMed Medical Center and two of his treating physicians. A jury returned a verdict in favor of the defendants, and we affirmed the subsequently entered judgment. *Davis v. Killu,* 2006 ND 32, ¶ 21, 710 N.W.2d 118. Davis initiated this legal malpractice action in January 2008, claiming Enget and Slorby represented him in a field of law beyond their expertise, inadequately prepared for trial, failed to secure relevant medical evidence

and failed to notify him of his lost appeal to this Court until after the time to petition for rehearing had expired.

[¶ 3] Slorby was dismissed as a party due to improper service of process. Enget moved for summary judgment, arguing trial tactics are a question of attorney judgment which cannot be a basis for legal malpractice. Enget supported his motion for summary judgment with the affidavit of Randolph Stefanson, an attorney with experience in the medical malpractice field. Stefanson reviewed the pleadings, the transcript and this Court's decision related to Davis' medical malpractice claim and opined that Enget's representation of Davis "met or exceeded the appropriate standard of care for an attorney representing an injured party in medical malpractice litigation."

[¶ 4] Davis filed a brief opposing Enget's motion for summary judgment, realleging the instances of malpractice from his complaint. Davis also filed a personal affidavit claiming the representation provided by Enget and Slorby amounted to negligence. The district court granted Enget's motion for summary judgment in August 2009, determining that Davis' allegations lacked competent evidentiary support. In its order granting Enget's motion for summary judgment, the district court specifically noted Davis' failure to explain how Enget and Slorby's shortcomings affected the outcome of the case and Davis' failure to provide an expert opinion stating that Enget and Slorby committed malpractice. Davis timely filed this appeal.

## II

[¶ 5] Davis argues the district court erred by dismissing his case through summary judgment because his affidavit created a genuine issue of material fact by highlighting the instances of Enget's alleged malpractice. This Court reviews "a district court's decision to grant summary judgment de novo on the entire record." *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 7, 718 N.W.2d 586. The standards governing summary judgment under N.D.R.Civ.P. 56 are well settled.

"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law."

*Hasper v. Center Mut. Ins. Co.*, 2006 ND 220, ¶ 5, 723 N.W.2d 409 (internal citations omitted).

[¶ 6] If the party moving for summary judgment "meets its initial burden of showing the absence of a genuine issue of material fact, the party opposing the motion may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact." *Riemers v. Grand Forks Herald*, 2004 ND 192, ¶ 4, 688 N.W.2d 167. For an opposing party to demonstrate a

genuine issue of material fact, the party must present enough evidence to allow a reasonable jury to rule in their favor. *Iglehart v. Iglehart*, 2003 ND 154, ¶ 10, 670 N.W.2d 343.

[¶ 7] A successful claim against an attorney for legal malpractice requires four elements: 1) the existence of an attorney-client relationship, 2) a duty by the attorney to the client, 3) a breach of that duty by the attorney, and 4) damages to the client proximately caused by the breach of duty. *Minn–Kota Ag Products, Inc. v. Carlson*, 2004 ND 145, ¶ 7, 684 N.W.2d 60. Here, it is undisputed that Enget and Slorby owed Davis a duty of care as his attorneys, satisfying the first and second elements. The issue is whether summary judgment was appropriately granted as to the third and fourth elements of breach and damages.

[¶ 8] An attorney providing professional services has a duty to perform those services with "that degree of skill, care, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law in the State." *Martinson Bros. v. Hjellum*, 359 N.W.2d 865, 872 (N.D.1985). "Generally, expert testimony is necessary to establish the professional's standard of care ... and whether the professional's conduct in a particular case deviated from that standard of care." *Wastvedt v. Vaaler*, 430 N.W.2d 561, 565 (N.D.1988). Expert testimony is not required in the rare case where the "professional's misconduct is so egregious and obvious that a layperson can comprehend the professional's breach of duty without the assistance of expert testimony." *Id.* Aside from this limited exception, "the nuances and variations of the practice of law make indispensable expert testimony to acquaint the trier-of-fact with the applicable standard of care and any deviation therefrom." *Id.* at 566.

[¶ 9] Davis claims Enget and Slorby were negligent by representing him in a field of law beyond their expertise, by inadequately preparing for trial, by failing to secure relevant medical evidence and by failing to notify him of his lost appeal to this Court until after the time to petition for rehearing had expired. Davis further alleges that as a result of these shortcomings, defense witnesses were allowed to lie on the stand, his own reputation was tarnished, an adequate record was not preserved for appeal and, ultimately, he lost his medical malpractice action. No competent, admissible evidence in the record supports Davis' claims. Davis opposed Enget's motion for summary judgment with nothing more than his own affidavit. While he may have a firm belief that Enget and Slorby's representation was insufficient, his lay opinion cannot supplant that of an expert because the nature of the alleged errors are not so egregious or obvious that a layperson could perceive them. *Wastvedt*, 430 N.W.2d at 565; *compare Bowman v. Doherty*, 235 Kan. 870, 686 P.2d 112, 120 (1984) (expert testimony not required to find breach of attorney's duty to client where attorney failed to secure a continuance and neither attorney nor client appeared before the court); *Joos v. Auto–Owners Ins. Co.*, 94 Mich.App. 419, 288 N.W.2d 443, 444–45 (1979) (expert testimony not required to find breach of attorney's duty to client where attorney failed to inform client of settlement offers). The district court did not err by granting summary judgment to Enget because Davis failed to provide the district court with expert testimony indicating Enget and Slorby's representation fell below the applicable standard of care. The district court's grant of summary judgment to Enget is affirmed.

## III

[¶ 10] At oral arguments, Davis attempted to submit for our consideration an envelope apparently containing a document not presented to the district court. "Important policy considerations on finality of judgments require that new or additional evidence not be considered on appeal." *City of Minot v. Freelander*, 368 N.W.2d 514, 518 (N.D.1985). We do not consider new evidence on appeal for the same reason we hear only issues raised before trial courts. *Messer v. Bender*, 1997 ND 103, ¶ 10, 564 N.W.2d 291 ("It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider."). The document proffered by Davis at oral arguments was neither read nor considered by the Court.

## IV

[¶ 11] We affirm the district court's judgment dismissing Davis' legal malpractice action.

[¶ 12] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, JJ., and WILLIAM F. HODNY, S.J., concur.

[¶ 13] The Honorable WILLIAM F. HODNY, S.J., sitting in place of KAPSNER, J., disqualified.