Filed 3/22/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 64

Mary K. Johnson, Robert G. Liebl, 

Gregory D. Liebl and DeAnn R. Liebl, Plaintiffs and Appellants

v.

Bertha Hovland, Lambert Hovland, and all 

other persons unknown claiming any estate

in or lien or encumbrance upon the property 

described in the Complaint, Defendants and Appellees

v.

EOG Resources, Inc., Intervenor Defendant

No. 20100043

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Zachary Evan Pelham (argued) and Patrick W. Durick (on brief), P.O. Box 400, Bismarck, N.D. 58502-0400, for plaintiffs and appellants.

Kevin Joseph Chapman, P.O. Box 1920, Williston, N.D. 58802-1920, for defendants and appellees.

Johnson v. Hovland

No. 20100043

Kapsner, Justice.

[¶1] Mary Johnson, Robert Liebl, Gregory Liebl and DeAnn Liebl (collectively, “Liebls”) appeal from a summary judgment entered in favor of  the heirs and devisees of Lambert Hovland and Ritter, Laber & Associates, Inc. (collectively “Hovlands”), determining the ownership of certain mineral rights in real property.  Because the district court did not err in denying the Liebls’ motion to amend their complaint to allege a claim for reformation of a deed and in granting the Hovlands’ motion for summary judgment, we affirm.

I

[¶2] In 1976, Mathilda Olson conveyed a 50 percent mineral interest in real property in Mountrail County to her daughter, Bertha Hovland.  At the time, Bertha Hovland was married to Lambert Hovland.  The mineral deed transferring the interest to Bertha Hovland was executed on March 22, 1976, and recorded on March 23, 1976.  Two days later, on March 25, 1976, the mineral deed was re-recorded, but containing additional language stating an intention to grant Bertha Hovland a life estate in the 50 percent mineral interest with the remainder going to the Liebls.  The re-recorded deed had not been re-signed or re-acknowledged before a notary public.  The Liebls are the children and grandchildren of Bertha Hovland from a prior marriage.  Under the additional language, Mary Johnson and Robert Liebl, Bertha’s children, each received a one-third remainder interest in the conveyance, and Gregory Liebl and DeAnn Liebl, Bertha’s grandchildren, each received a one-sixth remainder interest.  Bertha Hovland died intestate in 1978, and Lambert Hovland died in 1983.  Neither Bertha Hovland nor Lambert Hovland’s estate probated the mineral interest at issue.

[¶3] In 1978, the Liebls each executed a ratification of an oil and gas lease that Bertha Hovland had entered into in 1976, as having or claiming to have “some right, title or interest in or to the property covered by said Oil and Gas Lease” in the property at issue.  In 1990, the Liebls each executed a “Stipulation of Interest” each asserting their respective ownership interest, for total of a 50 percent interest in the property’s mineral rights.  In 1992, the Liebls each executed an “Oil and Gas Lease” asserting their 50 percent mineral interest ownership in the property.  In May 2007, the Liebls executed a “Paid-Up Oil and Gas Lease” with EOG Resources’ predecessor, Contex Energy Company, again asserting they own 50 percent of the mineral rights.

[¶4] In 2008, the Liebls commenced this action to quiet title to the mineral rights they claimed under the 1976 recorded mineral deeds.  Ritter, Laber & Associates answered, seeking affirmation of its interest in the property by virtue of oil and gas leases from heirs and devisees of Lambert Hovland.

[¶5] The Hovlands and the Liebls both moved for summary judgment.  The Hovlands asserted the mineral deed re-recorded in 1976 was ineffective, and they claimed an ownership of half of Bertha Hovland’s original 50 percent mineral interest derived from Lambert Hovland’s interest under North Dakota’s intestacy laws in effect when Bertha Hovland died.  The Liebls claimed their interest under the re-

recorded mineral deed in 1976 and also moved to amend their complaint to seek reformation of the first recorded mineral deed.  

[¶6] The district court granted summary judgment in favor of the Hovlands’ claimed interests and denied the Liebls’ motion to amend their complaint to assert a claim for reformation of the original 1976 deed.  The court concluded the re-recorded mineral deed was invalid and reformation of the first recorded mineral deed was barred by the statute of limitations.  The district court held that “at the time of Bertha Hovland’s death, one-half of the 50% mineral interest (i.e., 1/4th interest) conveyed to Bertha by Mathilda in 1976 passed to Bertha’s husband, Lambert, under intestate succession, N.D.C.C. § 30.1-04-02(4); the remaining one-half of her 50% mineral interest (i.e., 1/4th interest) passed to Bertha’s heirs at law under intestate succession, N.D.C.C. § 30.1-04-03.”  The court quieted title in the mineral interests, granting a one-fourth interest in the minerals, ½ of the 50 percent interest, to the Liebls and a one-fourth interest to the Hovlands. 

II

[¶7] We review a district court’s decision granting summary judgment de novo on the entire record.  
Davis v. Enget
, 2010 ND 34, ¶ 5, 779 N.W.2d 126.  Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.”  N.D.R.Civ.P. 56(c);  
see also
 
Dahl v. Messmer
, 2006 ND 166, ¶ 8, 719 N.W.2d 341 (“[W]e must consider the substantive evidentiary standard of proof when reviewing a motion for summary judgment.”).  In deciding whether summary judgment was properly granted, this Court views the evidence in the light most favorable to the party opposing the motion.  
Davis
, at ¶ 5.  The opposing party is also given the benefit of favorable inferences that can be reasonably drawn from the record.  
Id.
  

[¶8] Here, the Liebls also sought to amend their complaint.  Under N.D.R.Civ.P. 15(a), once a responsive pleading has been served, a complaint may only be amended by leave of court or by written consent of the opposing party.  A district court has wide discretion in deciding whether to permit amended pleadings after the time for an amendment has passed.  
Darby v. Swenson Inc.
, 2009 ND 103, ¶ 11, 767 N.W.2d 147.  We will not reverse the district court’s decision whether to grant a party’s motion to amend unless there is an abuse of discretion.  
Id.
  A district court abuses it discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination.  
Farmers Alliance Mut. Ins. Co. v. Hulstrand Const., Inc.
, 2001 ND 145, ¶ 10, 632 N.W.2d 473.  When a proposed amendment would be futile, the district court does not abuse its discretion in denying a motion to amend the complaint.  
Darby
, at ¶ 12.

[¶9] This Court has also described the standard to be applied when a party moves to amend its complaint in response to an opposing party’s summary judgment motion:

If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the ‘futility’ label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6).  In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.  If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record.  In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.

 

Id.
 (quoting 
Hatch v. Dep’t for Children, Youth and Their Families
, 274 F.3d 12, 19 (1st Cir. 2001) (citations omitted)).  “Other courts have explained that an amendment is futile for purposes of determining whether leave to amend should be granted, if the added claim would not survive a motion for summary judgment.”  
Darby
, at ¶ 13 (citations omitted).

III

[¶10] The dispositive issue on appeal is whether the district court abused its discretion in denying the Liebls’ motion to amend their complaint to assert a claim for reformation.  The Liebls argue the district court erred in denying their motion to amend their complaint to assert a reformation claim after concluding reformation of the initial 1976 mineral deed was barred by the statute of limitations and, in essence, would be futile.  The Liebls contend they have a valid claim for reformation of the initial deed.

[¶11] Section 32-04-17, N.D.C.C., provides the statutory basis for reformation:

When, through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.

 

“Reformation is an equitable remedy used to rewrite a contract to accurately reflect the parties’ intended agreement.”  
Spitzer v. Bartelson
, 2009 ND 179, ¶ 22, 773 N.W.2d 798.  This Court has recognized that “equity will grant remedial relief in the nature of reformation of a written instrument, resulting from a mutual mistake, when justice and conscience so dictate.”  
Ell v. Ell
, 295 N.W.2d 143, 150 (N.D. 1980).  Whether a contract contains a mistake sufficient to support a reformation claim is a question of fact.  
See
 
Spitzer
, at ¶ 23; 
Heart River Partners v. Goetzfried
, 2005 ND 149, ¶ 15, 703 N.W.2d 330.

[¶12] The party seeking reformation of a written instrument must establish by clear and convincing evidence that the document does not state the parties’ intended agreement.  
Spitzer
, 2009 ND 179, ¶ 24, 773 N.W.2d 798; 
Heart River Partners
, 2005 ND 149, ¶ 14, 703 N.W.2d 330.  Courts grant the “high remedy of reformation” only upon the “certainty of error.”  
Ell
, 295 N.W.2d at 150.  We have discussed the type of evidence admissible in deciding whether reformation is appropriate:

“[I]t is well-established that parol evidence is admissible in a suit to reform a written instrument on the grounds of fraud or mutual mistake of the parties.”  
Ell v. Ell
, 295 N.W.2d 143, 149 (N.D. 1980).  
Accord
 
Heart River Partners v. Goetzfried
, 2005 ND 149, ¶ 12, 703 N.W.2d 330; 
City of Fargo v. D.T.L. Properties, Inc.
, 1997 ND 109, ¶ 12, 564 N.W.2d 274; 
Mau v. Schwan
, 460 N.W.2d 131, 134 (N.D. 1990); 
Ives v. Hanson
, 66 N.W.2d 802, 805 (N.D. 1954).  “The nature of [a reformation] action is such that it is outside the field of operation of the parol evidence rule, since the court does not receive parol testimony to vary the contract of the parties but to show what their contract really was.”  66 Am. Jur. 2d 
Reformation of Instruments
 § 114 (2001) (footnotes omitted).  If courts refused to admit parol evidence in reformation cases, the rule would become “an instrument of the very fraud or mistake it was designed to prevent.”  
Ell
, at 150.

In reformation actions, courts “can properly look into the surrounding circumstances and take into consideration all facts which disclose the intention of the parties.”  
Id.
 (emphasis in original).  “Any evidence that tends to show the true intention of the parties, whether it be evidence of conduct or declarations of the parties extrinsic to the contract or documentary evidence, is admissible.”  
Heart River Partners
, 2005 ND 149, ¶ 14, 703 N.W.2d 330. 
See also
 66 Am. Jur. 2d, 
supra
 § 114 (footnotes omitted) (“[A]ny competent testimony which tends to prove . . . the intention of the parties is admissible. A witness in a position to know may testify concerning the intention of the parties to an agreement, to the same effect as to any other fact.”).

 

Spitzer
, at ¶ 14-15.

[¶13] “[A] reformation action accrues, or comes into existence as a legally enforceable right, not at the time the instrument in question is executed, but at the time the facts which constitute the mistake and form the basis for reformation have been, or in the exercise of reasonable diligence should have been discovered by the party applying for relief.”  
Ell
, 295 N.W.2d at 151-52 (holding after trial that the record clearly showed parties did not become aware of the absence of a mineral reservation in a 1964 contract for deed or in a 1971 deed until 1978); 
see also
 
Wehner v. Schroeder
, 335 N.W.2d 563, 567 (N.D. 1983) (holding action accrued in 1978 where “irregularity” occurred in 1950, but was not discovered until 1978).  When a cause of action has accrued for purposes of applying a statute of limitations generally involves a question of fact, and the district court’s determination will not be overturned unless clearly erroneous.  
See
 
Abel v. Allen
, 2002 ND 147, ¶ 11, 651 N.W.2d 635.  However, when the facts are undisputed, the issue of whether a statute of limitations has run is a question of law for the court.  
Id.
 

[¶14] The Liebls assert they set forth sufficient factual evidence that their cause of action did not accrue until May 2007 at the earliest, and therefore their reformation action was not time barred.  The Liebls assert they had no reason to review the title and no reason to believe there was a title issue until after receipt of a May 2007 title opinion for the property.  The Liebls assert the re-recorded mineral deed created a “rebuttable presumption of its validity” and the Hovlands are equitably estopped from denying the acceptance of the re-recorded mineral deed.  The Liebls argue their summary judgment motion should have been granted because the re-recorded mineral deed was a “correction deed.”

[¶15] The Hovlands argue the district court correctly held the Liebls’ claim to reform the initial mineral deed is barred by the statute of limitations.  The Hovlands argue undisputed facts establish the Liebls’ cause of action for reformation accrued more than 10 years before the commencement of this lawsuit.  The Hovlands contend the affidavit of the attorney who prepared the 1976 deeds, Q.R. Schulte, conclusively establishes that any action for reformation accrued on March 25, 1976, when the mineral deed was re-recorded.  The Hovlands further assert the court properly concluded the re-recorded mineral deed was void and that Mathilda Olson’s attorney had attempted, but failed, to make changes in the mineral deed.  The Hovlands point out that none of the Liebls submitted an affidavit on any issue pertaining to the litigation and contend the Liebls are attempting to make factual assertions in their brief as to when they had any notice of a defect in the claim to the mineral rights.

[¶16] Here, the district court said that Mathilda Olson’s signature appears on the mineral deed dated March 22, 1976, and recorded on March 23, 1976, but that the mineral deed recorded March 25, 1976, was merely a re-recording of the first mineral deed “with additional language typed in.”  The court noted there was no indication on the re-recorded mineral deed that Mathilda Olson, as grantor, approved of the alteration.  The court thus held that the re-recorded mineral deed, recorded on March 25, 1976, was not a valid deed.  
See
 N.D.C.C. §§ 47-10-01 (real property transferred only “by operation of law or by an instrument in writing, subscribed by the party disposing of the same or by the party’s agent thereunto authorized by writing”); 47-

19-03(1) (requiring acknowledgment by the individual who executed an instrument before the instrument can be recorded).  The district court concluded that because the re-recorded mineral deed was not a valid deed, “caselaw on ‘correction deeds’ and ‘rebuttable presumptions of deliver[y] and acceptance’” were not applicable.  The court essentially concluded that any reformation action would be futile, holding Liebls’ reformation claim would be time-barred under either a six-year statute of limitations in N.D.C.C. § 28-01-16 or a ten-year statute of limitations in N.D.C.C. § 28-01-15.  The court concluded it was therefore “unnecessary to determine which date triggered the running of the statute of limitations or which of the two statute of limitations applies.  Whatever the triggering date (1976, 1978, 1990, 1992, or 1998), both limitation periods (a 6-year and the 10-year) have expired, and reformation of Mineral Deed-Version I is barred.”

[¶17] We agree with the district court’s conclusion that the re-recorded mineral deed is invalid on its face and was not a valid correction deed.  Generally, a “grantor may, by executing a subsequent deed, reform a deed to reflect the parties’ original intent.”  
Gallups v. Kent
, 953 So.2d 393, 394-95 (Ala. 2006).  To be effective, however, the correction deed must be executed by the same grantor that executed the original deed.  
Id.
 (citing 
Arnold Indus., Inc. v. Love
, 63 P.3d 721, 727 (Utah 2002); 23 Am. Jur. 2d 
Deeds
 § 272 (2002)).  Further, 

[w]here the grantor has divested himself or herself of title, although by mistake he or she has not conveyed the title in the way in which he or she intended, he or she may not by a subsequent conveyance correct the mistake, there being no title remaining to convey.  Also, where title to the land passes under an instrument, the subsequent execution of an additional conveyance does not preclude the grantee from asserting rights under the original instrument.

 

26 C.J.S. 
Deeds
 § 43 (2001) (“Except where the grantor has divested himself or herself of title, a deed may be corrected by subsequent instrument in the absence of fraud or the intervention of the rights of third persons, where the first instrument could have been reformed in equity.”)  
Cf.
 
Turner v. Wisconsin Dep’t of Revenue
, 679 N.W.2d 880, 883 (Wis. Ct. App. 2004) (“correction” deed naming husband and wife as grantees rather than limited liability partnership held invalid because transfer to property was complete once conveyed to the partnership); 
Voge, Inc. v. Rose
, 23 Cal. Rptr. 87, 91 (Cal. Distr. Ct. App. 1962) (grantee’s alteration and re-recordation of deed after delivery and first recordation held a nullity); 
Connelly v. Smith
, 97 So. 2d 865, 870 (Fla. Dist. Ct. App. 1957) (deed declared a nullity for insufficient description where, after execution and delivery, grantee inserted property’s section, township, and range and re-recorded altered deed); 
Hansen v. Walker
, 259 P.2d 242, 245 (Kan. 1953) (“[G]rantor cannot alter the nature and amount granted by altering the original deed after it has been executed and delivered, and then place the same of record the second time”; thus, a grantor’s addition of a reserving clause had no force and effect, where the grantor executed and recorded a quitclaim deed containing no reservation, but subsequently added a clause reserving a life estate, without the grantee’s knowledge or consent, and re-recorded deed).  Here, the re-recorded deed was merely the original deed with additional language typed in; it was neither re-

executed nor acknowledged, and it purported to restrict the conveyance of the grantee.

[¶18] Thus, to be entitled to judgment in their favor, the Liebls are left with pursuing reformation of the first deed recorded on March 23, 1976, which granted an entire 50 percent interest in the minerals to Bertha Hovland, without reserving a life estate.  The district court denied the Liebls’ motion to amend their complaint to include a claim for reformation of the initial deed, concluding the reformation claim was barred by the statute of limitations.  We believe the district court correctly denied the Liebls’ motion to amend their complaint, but for a different reason.  
Cf.
 
North Dakota Workers Comp. Bureau v. General Inv. Corp.
, 2000 ND 196, ¶ 14, 619 N.W.2d 863 (“We affirm the judgment, although for a different reason than that relied upon by the district court.”).

[¶19] In response to the Hovlands’ motion for summary judgment and as the basis for the Liebls’ reformation action, the Liebls assert a mutual mistake was made when the first mineral deed was executed because the parties’ intention was that Bertha Hovland would have a life estate with the remainder going to her heirs.  As previously stated, there is a greater burden on a movant when a  motion to amend the complaint is made in response to a motion for summary judgment.  
See
 
Darby
, 2009 ND 103, ¶ 12, 767 N.W.2d 147.  Here, the Liebls’ motion to amend was in response to the Hovlands’ summary judgment motion.  Therefore, the Liebls’ proposed amended complaint is properly classified as futile unless their allegations are supported by substantial evidence.  Thus, the Liebls must show “substantial evidence” supporting reformation of the deed, which itself must be proven by clear and convincing evidence.

[¶20] Without deciding whether the Liebls’ action for reformation was barred by a statute of limitations, we conclude the Liebls have not presented sufficient evidence to support a reformation claim.  The record does not demonstrate that the Liebls provided “substantial evidence” to allege an action for reformation.  Regarding the parties’ intention in executing the first deed, Liebls submitted the affidavit of Q.R. Schulte, who prepared the 1976 deed.  This affidavit states in relevant part:

4.  That the above deed was prepared by me in my capacity of the attorney for Mathilda Olson, and that the Mineral Deed was prepared, changed, and re-recorded to reflect the original intentions of both Mathilda Olson and Bertha Hovland, which was to give Bertha Hovland a life estate interest, with the remainder interest to be divided as follows: 1/3rd to Mary K. Johnson, 1/3rd to Robert G. Liebl, 1/6th to Gregory D. Liebl, and 1/6th to DeAnn Renae Liebl. 

 

[¶21] Although Schulte’s affidavit purports to represent the original intentions of both Mathilda Olson and Bertha Hovland, this affidavit on its face does not address Bertha Hovland’s intent because Schulte only represented Mathilda Olson in his capacity as her attorney.  His affidavit does not state that he represented Bertha Hovland.  This is particularly relevant since the alleged “mutual intention” ultimately reduces or limits Bertha Hovland’s estate in the mineral interests to a life estate.  
See
 
Melchior v. Lystad
, 2010 ND 140, ¶ 13, 786 N.W.2d 8 (“For a mutual mistake to justify reformation of a contract, ‘it must be shown that, 
at the time
 of the execution of the agreement . . . 
both parties
 intended to say something different from what was said in the instrument.’” (citation omitted)).  

[¶22] Here, the affidavit is insufficient and does not demonstrate that the allegations of the proposed amended complaint are supported by substantial evidence, particularly considering the Liebls must prove the parties’ mutual intention by clear and convincing evidence for reformation of the first recorded deed.  
See
 
Dahl
, 2006 ND 166, ¶¶ 8, 12, 719 N.W.2d 341 (allegations in affidavit held not enough to overcome burden to present clear and convincing evidence).  Although the Liebls contend that based on the documents of record, including their ratification of Bertha Hovland’s 1976 oil and gas lease, the stipulations of interest, and the oil and gas leases they executed are consistent with their assertion of ownership of 50 percent ownership of the subject property’s mineral interests, this is not evidence of Bertha Hovland’s intent.  There is no documentary evidence expressing Bertha Hovland’s intent and no other testimonial evidence in the record.  The Liebls’ subsequent assertions of title in the record do not constitute evidence of Bertha Hovland’s intent at the time of the original deed’s execution.  During oral arguments, Liebl’s counsel acknowledged there was nothing else to offer showing Bertha Hovland’s intent.  

[¶23] We conclude the district court did not abuse its discretion in concluding the Liebls’ proposed amended complaint for reformation was futile, albeit for a different reason.  We therefore conclude the court properly denied the Liebls’ motion to amend their complaint.  Further, because the Liebls also failed to demonstrate the existence of a disputed material fact, we conclude that the district court did not err in granting the Hovlands’ summary judgment motion and denying the Liebls’ motion to amend the complaint and cross-motion for summary judgment.

IV

[¶24] 
We have considered the remaining issues and arguments and consider them to be unnecessary to our decision or without merit
.  The district court judgment is affirmed.

[¶25] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.