Filed 8/30/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 186

David George and Marjorie George, Plaintiffs and Appellants

v.

Rosalie Veeder, Defendant and Appellee

No. 20120081

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Irvin B. Nodland, P.O. Box 640, Bismarck, N.D. 58502-0640, for plaintiffs and appellants.

Amy M. Oster, P.O. Box 2798, Bismarck, N.D. 58502-2798, for defendant and appellee.

George v. Veeder

No. 20120081

Sandstrom, Justice.

[¶1] David and Marjorie George appeal from a summary judgment quieting title to gravel, clay, and scoria in a quarter section of land in McKenzie County in Rosalie Veeder.  We conclude the district court did not err in granting summary judgment quieting title in Veeder and in denying the Georges’ motion to amend their complaint to seek reformation.  We affirm.

I

[¶2] On September 16, 1970, the Georges executed a warranty deed transferring property to Sidney Veeder and LeRoy Veeder, Rosalie Veeder’s father and brother, respectively, who are now deceased.  The warranty deed was recorded on September 18, 1970, in the McKenzie County register of deeds office.  In the deed, the Georges granted to the Veeders a quarter section of land in McKenzie County and reserved an undivided 100% interest in the oil, gas, and “other minerals” in the described land.  The deed contained the following reservation language:

Reserving to the Grantors, however, an undivided 100% (all) interest in and to all of the Oil, Gas and other minerals in and under and that may be produced from the above described land, together with the right of egress and ingress at all times for the purpose of mining, drilling, exploring, operating, and developing said lands for oil, gas and other minerals . . . .

This deed did not specifically reserve an interest in gravel, clay, or scoria.  

[¶3] In 2010, the Georges claimed an interest in the scoria in the property for the first time.  In February 2011, the Georges brought this quiet title action against Rosalie Veeder, seeking title to the scoria in the land.  Veeder answered and counterclaimed, requesting dismissal of the complaint, and seeking to quiet title to the gravel, clay, and scoria in her favor.  Veeder moved for summary judgment.  The Georges opposed Veeder’s motion, and in July 2011 they moved to amend their complaint to include a claim for reformation of the deed to reserve an interest in coal, gravel, clay, and scoria.  Veeder opposed Georges’ motion to amend their complaint.

[¶4] In support of their claim for reformation, the Georges submitted the affidavit of David George, stating in part that he “did not realize until recently that the word ‘scoria’ or any specific minerals was not mentioned in the deed to Veeders,” that he “had always thought there was a clear reservation,” and that he “consider[ed] that an error on the part of the preparer.”  In October 2011, after considering the parties’ briefs, exhibits, and David George’s affidavit, the district court granted summary judgment to Veeder and denied the Georges’ motion to amend their complaint.  The court concluded, “the fact that David George did not notice the absence of the word ‘scoria’ from the Warranty Deed with the Veeders until recently and his belief that the omission was an error made by the drafter of the Deed is not enough to persuade the Court that reformation is necessary to satisfy justice and common sense.”

[¶5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶6] This Court reviews a district court’s decision granting summary judgment de novo on the entire record.  
Johnson v. Hovland
, 2011 ND 64, ¶ 7, 795 N.W.2d 294; 
Davis v. Enget
, 2010 ND 34, ¶ 5, 779 N.W.2d 126.  Summary judgment is appropriate “if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.”  N.D.R.Civ.P. 56(c); 
see also
 
Johnson
, at ¶ 7.  When reviewing a motion for summary judgment, we also consider the substantive evidentiary standard of proof.  
Johnson
, at ¶ 7; 
Dahl v. Messmer
, 2006 ND 166, ¶ 8, 719 N.W.2d 341.  This Court views the evidence in the light most favorable to the party opposing the motion in deciding whether summary judgment was properly granted.  
Johnson
, at ¶ 7.  “The opposing party is also given the benefit of favorable inferences that can be reasonably drawn from the record.”  
Id.

[¶7] In this case, the Georges also sought to amend their complaint to assert a claim for reformation of the deed in response to Veeder’s summary judgment motion.  “Under N.D.R.Civ.P. 15(a), once a responsive pleading has been served, a complaint may only be amended by leave of court or by written consent of the opposing party.”  
Johnson
, 2011 ND 64, ¶ 8, 795 N.W.2d 294.  “A district court has wide discretion in deciding whether to permit amended pleadings after the time for an amendment has passed.”  
Id.
 (citing 
Darby v. Swenson, Inc.
, 2009 ND 103, ¶ 11, 767 N.W.2d 147).  This Court will not reverse a district court’s decision whether to grant a party’s motion to amend absent an abuse of discretion.  
Darby
, at ¶ 11.  The district court does not abuse its discretion in denying a motion to amend a complaint when a proposed amendment would be futile.  
Johnson
, at ¶ 8; 
Darby
, at ¶ 12.

[¶8] We have explained that when leave to amend is not sought “until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be . . . solidly grounded in the record” and “is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.”  
Johnson
, 2011 ND 64, ¶ 9, 795 N.W.2d 294. (internal quotations and citations omitted).  Courts have said that “an amendment is futile for purposes of determining whether leave to amend should be granted, if the added claim would not survive a motion for summary judgment.”  
Id.
 (quotations omitted).

III

[¶9] The Georges argue the district court erred in granting summary judgment to quiet title in Veeder’s favor on the basis of evidence presented and the court erred in denying amendment of their complaint to allow consideration of reformation of the deed.

[¶10] In 
Hovden v. Lind
, 301 N.W.2d 374, 378 (N.D. 1981), this Court held the term “minerals,” used in reservation language in a land sale contract, excludes gravel, clay, and scoria.  This Court analyzed whether use of the phrase “all other minerals” was unenforceably vague or ambiguous:

We accept arguendo that the reservation of minerals is a substantive component in a land conveyance, and therefore ambiguity surrounding the parties’ intent may make the purported agreement unenforceable.  We conclude, however, that no ambiguity afflicts the expression “all other minerals.”  Though the word “minerals” has varying definitions, 58 CJS, Mines and Minerals, § 2(a), p. 17, this court, prior to the enactment of § 47-10-25, held in 
Salzseider v. Brunsdale
, 94 N.W.2d 502 (N.D. 1959), that the term did not, in a reservation clause, include gravel.  We believe this precedent applies to materials like clay and scoria also.  A reasonable construction of the word “minerals” as used in a land sale contract excludes clay and scoria, as well as gravel.  The rationale for similar holdings in other cases is that these substances, if they are not literally part of the surface itself, cannot be removed without damaging the surface. . . . Furthermore, we concur in the notion that materials like gravel, clay and scoria are not ordinarily classified as minerals because they are not exceptionally rare and valuable.  See Annotation, 95 ALR2d 843, §§ 4, 5, 6; see also, e.g., 
Holland v. Dolese Company
, 540 P.2d 549 (Okl. 1975).  These authorities support 
Salzseider
 and we therefore extend the reasoning of that case to clay and scoria.

Because the law supplies a reference, the word “minerals” is not fatally vague or ambiguous, and whether a “meeting of the minds” occurred over that term is simply not important.  Subjective intent, or the lack of it, is not a concern when the parties manifest assent to a term capable of being given a reasonably objective meaning.  
Amann v. Frederick
, 257 N.W.2d 436, 439 (N.D. 1977).

Hovden
, 301 N.W.2d at 378 (footnote omitted).  
See also
 N.D.C.C. § 47-10-25 (applying to deeds, grants, or conveyances of title to surface property executed on or after July 1, 1983, and stating “[g]ravel, clay, and scoria shall be transferred with the surface estate unless specifically reserved by name in the deed, grant, or conveyance”); North Dakota Title Mineral Standards (1989), Standard 2-04.3 (“From and after July 1, 1955, and prior to July 1, 1975, a reservation of minerals covered oil, gas and related hydrocarbons, coal, sulphur, iron, uranium, and any other mineral, but did not include gravel, clay or scoria.”).

A

[¶11] The Georges acknowledge that in moving for summary judgment, Veeder “present[ed] a [w]arranty deed that was silent as to any intent on the part of the grantors to include scoria in the transfer of ownership . . . [which] may very well be said to satisfy the movant’s initial burden.”  Further, the Georges concede, “upon introduction of the subject deed . . . the burden shifted to the Georges to present competent admissible evidence to show the existence of a genuine issue of material fact.”

[¶12] As we have said, “[i]n considering the substantive standard of proof, the court must consider whether the trier of fact could reasonably find either that the plaintiff proved his case by the quality and quantity of evidence required by the governing law or that he did not.”  
Arndt v. Maki
, 2012 ND 55, ¶ 10, 813 N.W.2d 564 (quotations omitted).  Section 32-04-17, N.D.C.C., provides the statutory authority for reformation of a written instrument:

When, through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.

[¶13] “‘The party seeking reformation of a written instrument must establish by clear and convincing evidence that the document does not state the parties’ intended agreement.’”  
Arndt
, 2012 ND 55, ¶ 12, 813 N.W.2d 564 (quoting 
Johnson
, 2011 ND 64, ¶ 12, 795 N.W.2d 294).  In considering whether to grant the high remedy of reformation of a written instrument, “courts should exercise great caution and require a high degree of proof, 
especially when death has sealed the lips of the original parties or a party
.”  
Spitzer v. Bartelson
, 2009 ND 179, ¶ 24, 773 N.W.2d 798 (quotations omitted).  A court should grant reformation “‘only upon the certainty of error.’”  
Id.
 at ¶ 24 (quoting 
Ell v. Ell
, 295 N.W.2d 143, 150 (N.D. 1980)).  Parol evidence is admissible in a reformation action on the grounds of fraud or mutual mistake of the parties.  
Arndt
, at ¶ 12; 
Johnson
, at ¶ 12.  “A mutual mistake that will justify reformation requires that, at the time of the execution of the agreement, both parties intended to say something different from what was said in the document.”  
Arndt
, at ¶ 12 (quotations omitted).  “Although whether there has been a mistake sufficient to support a reformation claim is ordinarily a question of fact, issues of fact become issues of law if reasonable persons could reach only one conclusion from the facts.”  
Id.
 (citation omitted).

[¶14] Here, on the basis of David George’s assertions in his affidavit, the Georges argue a mistake was made in drafting the warranty deed.  They contend they had owned the land for 30 years and were aware of the scoria beneath the land sold to the Veeders.  The Georges assert that for 10 years prior to the sale to the Veeders, they had mined and sold scoria from other lands they owned and had not begun to mine scoria from the quarter section at issue here.  They assert they were aware of the value of scoria and had sold scoria to oil companies.  In their brief on appeal, the Georges specifically assert the following evidence was before the district court:

1. The fact there was a listing agreement that the Georges had entered into with the Realtor at the time of the sale that stated the Georges were reserving the scoria.

2. The fact that the Georges had done public advertising prior to the sale in which they stated they were reserving the scoria.

3. The fact that at about the same time as the sale of the land in question here the George[]s had sold another three quarters to three other grantees and in those transfers the draftsman had included the same list of minerals as appear in Veeder’s deed except that the list also included scoria in all of those.

4. The fact that David George swore in his affidavit that when the deed was executed they discussed with the Veeders that they were reserving scoria and there was no objection voiced by the Veeder[]s at that time.

[¶15] The Georges argue the evidence, largely provided by David George’s affidavit, supports a mistake in drafting the deed.  Although they contend that a listing agreement showed an intent to reserve the scoria, that the property at issue was advertised as reserving scoria, and that the sale of other parcels of land specifically reserved scoria, the Georges provided no documentation relating to the listing agreement or advertising.  Further, Sidney Veeder, LeRoy Veeder, and the real estate agent are all deceased, and the realty company no longer exists.  David George asserts in his affidavit that he declared his intent to reserve the scoria during negotiations and there was no objection by the Veeders, that this reservation was discussed at closing, and that the error was made by the person drafting the deed.  David George further asserts the scoria under the quarter section has significant value of approximately $800,000.  On the basis of this evidence, the Georges argue the most reasonable inference is that scoria should have been included with the other minerals in the reservation, as in other deeds that were executed at about the same time, and the court erred in granting summary judgment. 

[¶16] Rosalie Veeder, as the successor in interest to the quarter section, argues that the Georges did not specifically reserve gravel, clay, or scoria and submitted no evidence in support of summary judgment, other than David George’s affidavit with conclusory assertions.  Veeder contends the fact the Georges did not notice scoria was not reserved in a deed drafted 40 years ago is not enough to create a material fact issue to avoid summary judgment.  Veeder asserts the Georges have presented no competent, admissible evidence to support their claim, other than their own conclusory assertions, that they intended to reserve any interest in gravel, clay, or scoria, and provided no “special circumstances” and no evidence of the intent of LeRoy Veeder and Sidney Veeder, as the grantees.  Veeder also argues that the other deeds for other parcels of property, drafted and executed around the same time, demonstrate the Georges were aware of the necessity of specifically reserving scoria, and that all parties involved were aware scoria, gravel, and clay must be specifically reserved or would pass with the surface estate.  Veeder argues the law is clear, and because the Georges did not specifically reserve the scoria, gravel and clay, these interests passed with the surface estate to the Veeders.  

[¶17] We conclude, as discussed in 
Hovden
, 301 N.W.2d at 378, our law is clear that the word “minerals,” as used in the warranty deed at issue, is not vague or ambiguous and does not include gravel, clay, or scoria, such that the reservation of “other minerals” without specifically naming gravel, clay, or scoria did not reserve an interest in these materials.  On the basis of our review of the record, we conclude the Georges have failed to raise a material fact issue precluding summary judgment, and the district court did not err in granting summary judgment to quiet title in Veeder’s favor.  We further conclude the court did not abuse its discretion in denying the Georges’ motion to amend their complaint to assert a cause of action for reformation of the warranty deed because the proposed amendment would be futile.

[¶18] We hold David George’s affidavit is insufficient and does not demonstrate the proposed amended complaint’s allegations are supported by “substantial evidence” to support the clear and convincing burden of proof for a claim of reformation.  Specifically, the Georges have failed to provide substantial evidence of the parties’ mutual intention to support an action for reformation of the warranty deed to reserve an interest in scoria.  
See
 
Johnson
, 2011 ND 64, ¶ 22, 795 N.W.2d 294.  There is no evidence showing the Veeders’ intent at the time of the transaction, nor is there any other evidence of the parties’ mutual intention in the record.  David George’s own assertions of his intent to reserve scoria in the warranty deed do not constitute evidence of the Veeders’ intent when the deed was executed on September 16, 1970.

[¶19] We therefore conclude the district court did not abuse its discretion in denying the Georges’ motion to amend their complaint to assert a claim for reformation.  Because the Georges also failed to demonstrate the existence of a disputed material fact issue, we conclude the district court did not err in granting Veeder’s summary judgment motion.

B

[¶20] The Georges argue the district court erred in deciding by summary judgment that any action for reformation of contract was barred by the statute of limitations or laches and erred in its “comment” that if a mistake was made by the drafter of the warranty deed, the error should have been discovered by the Georges long ago when all the parties could have weighed in. 

[¶21] Because we hold the Georges have not met the high standard of proof necessary to support their motion to amend the complaint to assert a reformation action and the district court did not abuse its discretion in denying their motion to amend as futile, we conclude summary judgment was appropriate regardless of whether the Georges’ action for reformation would have been timely under the appropriate statute of limitations.  
See
 
Johnson
, 2011 ND 64, ¶ 22, 795 N.W.2d 294 (allegations in affidavit held not enough to overcome burden to present clear and convincing evidence).  

IV

[¶22] The judgment is affirmed.

[¶23] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.