# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 89

Roger Feltman,                                          Plaintiff and Appellant

     and

TRRP, LLC,                                                            Plaintiff

     v.

Daniel Gaustad and Pearson, Christensen

& Clapp, PLLP,                                       Defendants and Appellees

### No. 20190247

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

DeWayne A. Johnston, Grand Forks, ND, for plaintiff and appellant.

Peter W. Zuger (argued) and Ronald H. McLean (on brief), Fargo, ND, for defendants and appellees.

**Crothers, Justice.**

[¶1] Roger Feltman and TRRP LLC (Feltman) appeal a district court judgment dismissing their malpractice lawsuit against attorney Daniel Gaustad and the Pearson, Christensen & Clapp law firm (Gaustad). The court concluded summary judgment was appropriate because Feltman failed to establish a factual dispute as to the elements of legal malpractice.  We affirm.

I

[¶2] Feltman retained Gaustad to represent him in matters relating to numerous loans with Washington Mutual Bank.  In 2007, Feltman sued the bank in state court and the bank removed the case to federal district court. After Feltman sued, the bank was placed into receivership and the Federal Deposit Insurance Corporation (FDIC) was appointed the bank's receiver.  JP Morgan Chase later acquired the bank's assets and became a party to Feltman's lawsuit.

[¶3]  In March 2012, Feltman and Chase executed a settlement agreement covering eight loans Feltman had with Washington Mutual Bank.  In April 2012, Gaustad, on Feltman's behalf, filed a stipulation to dismiss the federal lawsuit.

[¶4]  In July 2015, Feltman brought a legal malpractice lawsuit against Gaustad.  Feltman alleged Gaustad breached his fiduciary duties by providing improper legal advice and failing to act in Feltman's best interests.  Feltman claimed Gaustad acted negligently because he dismissed the federal lawsuit against Chase before Chase satisfied the terms of the settlement agreement.

[¶5]  Gaustad and the law firm denied the allegations, claiming Feltman was appropriately represented.  Both parties moved for summary judgment. Gaustad argued the statute of limitations barred Feltman's case, and Gaustad

had no duty to enforce the settlement agreement that Feltman voluntarily agreed to.

[¶6]   The district court granted Gaustad's motion, concluding Feltman did not establish that he suffered damages or that Gaustad breached a duty when he dismissed the federal lawsuit.  The court dismissed Feltman's lawsuit against Gaustad.

II

[¶7]   Feltman argues the district court erred by granting Gaustad's motion for summary judgment.  This Court's standard of review for summary judgments is well established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.  On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Pennington v. Cont'l Res., Inc.*, 2019 ND 228, ¶ 6, 932 N.W.2d 897 (quoting *Horob v. Zavanna, LLC*, 2016 ND 168, ¶ 8, 883 N.W.2d 855).

[¶8]   The elements of a claim against an attorney for legal malpractice are: "1) the existence of an attorney-client relationship, 2) a duty by the attorney to the client, 3) a breach of that duty by the attorney, and 4) damages to the client

2

proximately caused by the breach of duty." *Davis v. Enget*, 2010 ND 34, ¶ 7, 779 N.W.2d 126.

## III

[¶9] Feltman claims Gaustad was negligent when he dismissed the federal lawsuit before Chase satisfied all terms of the settlement agreement. Feltman argues that since Gaustad dismissed the lawsuit before Chase satisfied the terms of the agreement, Chase was relieved from complying with the agreement and Feltman lacked a remedy against Chase.

[¶10] The district court concluded:

> "One of the elements of legal malpractice is damages. Feltman has not established any duty by Gaustad that was breached when the federal case was dismissed. The dismissal 'with prejudice' did not leave Feltman without a remedy, because Feltman had six years after the Agreement was executed to file an action to have the Settlement Agreement enforced.
>
> . . . .
>
> "As determined in Section II of this Order, Feltman has not established one of the elements of legal malpractice, i.e., that Feltman suffered damages when Gaustad breached a duty and 'prematurely' dismissed the federal lawsuit, because, as a matter of law, Feltman had six years within which to sue Chase for enforcement of the Settlement Agreement and dismissal did not foreclose that remedy.
>
> "'Rule 56 requires the entry of summary judgment against a party who fails to establish the existence of a material factual dispute as to an essential element of the claim and on which the party will bear the burden of proof at trial.' *Barbie v. Minko Const., Inc.*, 2009 ND 99, ¶ 6, 766 N.W.2d 458. Because Feltman has failed to establish a factual dispute as to an element of legal malpractice, summary judgment dismissing Feltman's claims is appropriate."

3

[¶11] Paragraph 8 of the settlement agreement, "Dismissal of Federal Litigation," provided that, "Within 10 days of the completion of the items delineated in Paragraphs 2-6 above, the Feltmans shall cause the Federal Litigation to be dismissed, with prejudice." Gaustad executed the stipulation to dismiss on April 12, 2012, and the court dismissed the federal lawsuit on April 13, 2012.

[¶12] Feltman argues Chase failed to satisfy certain terms contained in paragraphs 2-6 of the settlement agreement before Gaustad dismissed the federal lawsuit. Specifically, Feltman claims Chase did not comply with paragraph 4 relating to escrow balances associated with the loans. Paragraph 4 stated Chase would forgive all negative escrow balances and would refund all positive escrow balances. Even assuming without deciding Gaustad breached a duty when he dismissed the lawsuit before Chase satisfied paragraphs 2-6 of the settlement agreement, Feltman provided no evidence of damages that were proximately caused by the breach.

[¶13] Feltman asserts his damages are that he lacks a remedy against Chase when Gaustad dismissed the federal lawsuit before Chase satisfied paragraphs 2-6 of the settlement agreement. We disagree.

[¶14] The settlement agreement does not state it becomes valid and enforceable upon Chase's satisfaction of paragraphs 2-6. Paragraph 22 of the agreement states the terms and conditions are "contractual in nature," and "when fully executed, shall constitute a legal, valid and binding obligation of the parties, enforceable in accordance with its terms." The agreement became valid and enforceable when Feltman, Chase and the FDIC executed it in March 2012.

[¶15] Paragraph 10 of the settlement agreement, "Release by Feltmans of Chase," states in part:

> "Upon full execution of this Settlement Agreement, the Feltmans release and forever discharge Chase of and from any and all claims, demands, actions, causes of action, liabilities, [and] suits . . . with respect to any and all matters relating to the Loans and the Properties as of the date of this Settlement Agreement."

Paragraph 17, titled "Non-Litigation Covenant," provides:

> "Except to enforce any obligation, term or condition of this Settlement Agreement the parties agree that none of the parties shall in any manner challenge this Settlement Agreement. . . . Notwithstanding the mutual releases found at Paragraphs 10, 11, 12 and 13 nothing in this Settlement Agreement is, nor shall it be deemed to be, a release of the obligations, terms and conditions of this Settlement Agreement, and nothing herein shall in any manner limit or otherwise preclude the parties from commencing an action solely for the purpose of enforcing any obligation, term or condition of this Settlement Agreement."

[¶16] Paragraph 22 provides the settlement agreement is valid and enforceable on execution. Under paragraph 10, Feltman released all of his original claims against Chase when he executed the agreement on March 22, 2012. Paragraph 17 plainly states that regardless of the release, Feltman may bring an "action solely for the purpose of enforcing any obligation, term or condition of [the agreement]." Although paragraph 8 required Chase to satisfy certain conditions before dismissal of the federal lawsuit, the failure to satisfy those conditions did not prohibit Feltman from bringing an action against Chase for noncompliance with the agreement following dismissal of the lawsuit. Additionally, Feltman has not claimed enforcement of the settlement agreement would be more costly than his original cost of pursuing remedies against Chase, or that enforcing the settlement agreement left him with an inferior remedy against Chase.

[¶17] Feltman has not established that Gaustad's dismissal of the federal lawsuit before Chase satisfied paragraphs 2-6 of the settlement agreement foreclosed an action against Chase for breaching the agreement. Feltman cannot show Gaustad's alleged breach of duty was the proximate cause of damages resulting from Chase's noncompliance with the agreement. The district court did not err in granting summary judgment dismissing Feltman's lawsuit.

## IV

[¶18]  Feltman's remaining arguments have been considered and are either without merit or not necessary to our decision.  The judgment is affirmed.

[¶19] Daniel J. Crothers, Acting C.J.
     Gerald W. VandeWalle
     Bruce B. Haskell, S.J.
     Dale V. Sandstrom, S.J.
     Jerod E. Tufte

[¶20] The Honorable Bruce B. Haskell, S.J., sitting in place of McEvers, J., disqualified.

[¶21] The Honorable Dale V. Sandstrom, S.J., sitting in place of Jensen, C.J., disqualified.