2000 ND 54

**Judy Kay PIERCE and Raymond Pierce, Plaintiffs,**

v.

**Edward J. SHANNON, Defendant, Third–Party Plaintiff and Appellant,**

v.

**Hulstrand Construction, Inc., a North Dakota Corporation, Third–Party Defendant and Appellee.**

No. 990271.

Supreme Court of North Dakota.

March 21, 2000.

Charles L. Neff (argued) and Joshua B. Rustad (appearance), Neff, Cresap, Eiken & Irigoin, Williston, and Robert J. Savage, Habedank, Cumming, Best & Savage, Sidney, MT, for defendant, third-party plaintiff and appellant.

Frederick E. Whisenand (argued), Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P., Williston, N.D., for third-party defendant and appellee.

MARING, Justice.

[¶ 1] Edward Shannon appealed from a summary judgment dismissing his third-party contribution action against Hulstrand Construction, Inc. We affirm.

## I

[¶ 2] On the evening of April 19, 1995, Judy Pierce was severely injured when her vehicle was struck by one driven by Edward Shannon. The accident occurred on a rural highway in a construction zone. Hulstrand, the contractor on the road construction project, had installed a new culvert in the area where the accident occurred.

[¶ 3] Pierce and her husband sued Shannon for Pierce's injuries and for loss of consortium. Shannon brought a third-party action seeking contribution from Hulstrand, alleging Hulstrand's negligence had caused the accident. The Pierces never pleaded any claim against Hulstrand.

[¶ 4] In June 1998 the Pierces and Shannon agreed to settle the Pierces' claims for $300,000, the policy limits of Shannon's liability insurance. Neither Hulstrand nor its attorneys were involved in the settlement negotiations, and they did not sign the settlement agreement.

[¶ 5] On August 6, 1998, the parties, including Hulstrand, signed a stipulation for dismissal of the Pierces' action against Shannon. The stipulation provided that Shannon's third-party claim against Hulstrand "will be reserved and specifically not be dismissed at this time." On August 10, 1998, Shannon and Hulstrand entered into a stipulation to vacate the impending trial date. That agreement stated the claims by the Pierces against Shannon had been settled, "leaving only the claims existing between Edward J. Shannon as third-party plaintiff and Hulstrand Construction, Inc., as third-party defendant to be litigated in this action."

[¶ 6] On October 26, 1998, Hulstrand moved for summary judgment, arguing the holding in *Target Stores v. Automated Maintenance Services, Inc.*, 492 N.W.2d 899 (N.D.1992), precluded an action for contribution. Following a hearing, the court granted Hulstrand's motion for summary judgment. Shannon moved for a hearing and additional briefing on the issue whether the dismissal should be with or without prejudice. After a second hearing, the court ordered dismissal with prejudice. Judgment was entered on July 22, 1999, and Shannon appealed.

## II

[¶ 7] As we recognized in *Target*, the landscape of third-party practice in tort cases changed dramatically after passage of tort reform legislation in 1987. Prior to 1987, joint tortfeasors were jointly and severally liable for damages. *See* N.D.C.C. § 9–10–07 (repealed by 1987 N.D. Sess. Laws ch. 404, § 13, as amended by 1993 N.D. Sess. Laws ch. 324, § 1). The current provision governing liability of joint tortfeasors is N.D.C.C. § 32–03.2–02:

When two or more parties are found to have contributed to the injury, the liability of each party is several only, and is not joint, and each party is liable only for the amount of damages attributable to the percentage of fault of that party, except that any persons who act in concert in committing a tortious act or aid or encourage the act, or ratifies or adopts the act for their benefit, are jointly liable for all damages attributable to their combined percentage of fault.

The clear intent of this provision "was to replace joint and several liability with several allocation of damages among those who commit torts in proportion to the fault of those who contributed to an injury." *Hurt v. Freeland*, 1999 ND 12, ¶ 20, 589 N.W.2d 551.

[¶ 8] Contribution among tortfeasors is governed by N.D.C.C. § 32–38–01(2):

The right of contribution exists only in favor of a tort-feasor who has paid more than that tort-feasor's pro rata share of the common liability, and that tort-feasor's total recovery is limited to the amount paid by that tort-feasor in excess of that tort-feasor's pro rata share. No tort-feasor is compelled to make contribution beyond that tort-feasor's own pro rata share of the entire liability.

[¶ 9] In *Target*, we considered application of the contribution statute after the abolition of joint and several liability. Target had sued Automated Maintenance for damages resulting from a fire caused when Automated Maintenance's employees

negligently used a propane-powered floor buffer. Automated Maintenance brought a third-party action for contribution against Pioneer/Eclipse, the manufacturer of the floor buffer.

[¶ 10] The federal district court certified the following question to this Court:

> In a case involving claims of products liability and negligence, governed by Chapter 32–03.2 of the North Dakota Century Code, where a plaintiff elects not to sue all potential tortfeasors, and where the non-sued potential tortfeasors did not act in concert with, aid, encourage, ratify, or adopt the act of a defendant, does Chapter 32–03.2 when read in concert with NDCC § 32–38–01(2), preclude a third party action by a defendant against a non-sued potential tortfeasor?

*Target,* 492 N.W.2d at 901. We answered affirmatively, holding the lack of joint and several liability between Automated Maintenance and Pioneer/Eclipse precluded a third-party action for contribution:

> Pioneer/Eclipse argues that it cannot be held jointly liable to Target and cannot be required to contribute to Automated's liability because there is no claim that Pioneer/Eclipse acted in concert with Automated. We agree.
>
> In its statement of relevant facts, the certifying court explained that "[t]here is no allegation that Pioneer/Eclipse and Automated acted in concert, aided or encouraged each other, or ratified or adopted for their benefit, a tortious act committed by either of them." Under current North Dakota law, the lack of concerted action by concurrent tort-feasors precludes contribution among them. When liability of a concurrent tort-feasor is statutorily directed to be several, that directive precludes liability of the tort-feasor for more than a percentage

share of the damages, and precludes a claim for contribution between concurrent tort-feasors.

. . . .

> On the facts stated by the certifying court, we conclude that any liability of each party, Automated and Pioneer/Eclipse, is several, not joint, because no concerted action is claimed. Therefore, Automated cannot be liable to Target for more than its percentage share of Target's damages, and Automated cannot make a third-party claim for contribution against Pioneer/Eclipse. Under current North Dakota law, the absence of a claim for concerted action among concurrent tort-feasors precludes a third-party claim for contribution between them.

*Target,* 492 N.W.2d at 903–04.

■ ■ [¶ 11] The import of our holding in *Target* is clear: Absent concerted action, there is no third-party claim for contribution among tortfeasors. There is no allegation of concerted action in this case. Because a tortfeasor can now be held liable only for its own pro rata share of fault under N.D.C.C. § 32–03.2–02, there is no basis for contribution under N.D.C.C. § 32–38–01(2).

[¶ 12] Shannon argues a different result is required in this case because he settled the Pierces' claims, including any claims they may have had against Hulstrand. Shannon thus asserts *Target* is distinguishable because he has paid more than his pro rata share, and Hulstrand has been unjustly enriched and should be estopped from challenging Shannon's right to seek contribution.

[¶ 13] Shannon's arguments are all premised upon his allegation that the settlement with the Pierces included a release of their claims against Hulstrand. There is absolutely nothing in the record to support this allegation. Rather, all evidence in the record indicates Shannon was settling only the Pierces' claims against him, and the Pierces were reserving any claims they had against other parties.[1] Under

---

1. At the second hearing, Shannon offered as an exhibit an addendum to the original release between the Pierces and Shannon. In

this addendum, the Pierces allegedly attempted to release all claims they had against

these circumstances, contribution is precluded by *Target* and by N.D.C.C. § 32–38–01(4), which provides:

> A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable.

Because there is no evidence Hulstrand's liability was extinguished by Shannon's settlement with the Pierces, Shannon is not entitled to maintain an action for contribution against Hulstrand.[2]

[¶ 14] Shannon asserts Hulstrand made an admission in a brief to the trial court that the Pierces' claims against Hulstrand had been extinguished by the settlement. In its brief in support of the motion for summary judgment, Hulstrand stated:

> Pierces' cause of action has been dismissed with prejudice, thus there is no longer any way for them to assert a direct claim against Hulstrand in this action.

Hulstrand's "admission" was only that the Pierces could not assert a claim against Hulstrand "in this action"—the action currently before the court. Hulstrand was seeking summary judgment dismissal of the pending third-party claim, and was merely pointing out the Pierces could not assert a claim against Hulstrand in the pending action because they had settled and were no longer parties to the action. Hulstrand's statement was not an "admission" that Shannon had settled the Pierces' claims against Hulstrand.

[¶ 15] Shannon also asserts Hulstrand should be estopped from challenging his right to contribution because Hulstrand

stipulated to continuation of the third-party action after the Pierces' main action was dismissed. Although Hulstrand stipulated to dismissal of the Pierces' action against Shannon and reservation of Shannon's third-party claim, that is not, as Shannon argues, an admission there was merit to the third-party claim. Hulstrand did not thereby waive any defenses it had to Shannon's claims. With or without the stipulation, Shannon's third-party claim would have remained pending after dismissal of the Pierces' main action. Shannon has failed to establish any basis for estoppel.

[¶ 16] We conclude the trial court did not err in granting summary judgment dismissing Shannon's claim for contribution.

### III

[¶ 17] Shannon argues the dismissal was based upon a procedural basis, improper joinder of Hulstrand as a party, and not upon the merits of the claim. Shannon therefore asserts that, even if dismissal was appropriate, the dismissal should have been without prejudice.

[¶ 18] The motion for summary judgment was not based upon improper joinder or any other procedural basis. The dismissal was expressly based upon the holding in *Target* that, absent concerted action, there is no third-party claim for contribution among joint tortfeasors. The dismissal was a determination of the claim on the merits, and the court did not err in dismissing with prejudice.

### IV

[¶ 19] Hulstrand requests an award of attorney fees on appeal, arguing Shannon should have known there was no reason-

---

Hulstrand. This addendum was purportedly executed on May 27, 1999, after the trial court had already issued its order granting summary judgment dismissal. Hulstrand's counsel objected to the exhibit, and the court sustained the objection. Shannon has not argued the trial court's refusal to admit the exhibit was an abuse of discretion. *See In re Lukens*, 1998 ND 224, ¶ 11, 587 N.W.2d 141

(we will not reverse a trial court's decision to admit or exclude evidence unless the court abuses its discretion).

2. We need not address whether a tortfeasor who voluntarily settles a joint tortfeasor's liability, without participation or consent of the joint tortfeasor, is entitled to seek contribution.

able grounds for the appeal. Requests for attorney fees on appeal are governed by N.D.R.App.P. 38, which authorizes this Court to award attorney fees if an appeal is frivolous or if any party has been dilatory in prosecuting the appeal. *See, e.g., Hawkinson v. Hawkinson,* 1999 ND 58, ¶ 20, 591 N.W.2d 144. We deny Hulstrand's request for attorney fees for this appeal.

V

[¶ 20] We have considered Shannon's remaining arguments and find them to be without merit. The judgment is affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.