2001 ND 145

**FARMERS ALLIANCE MUTUAL IN-
SURANCE CO., a foreign insurance
corporation, Plaintiff and Appellant**

v.

**HULSTRAND CONSTRUCTION, INC.,
a North Dakota Corporation,
Defendant and Appellee.**

No. 20010054.

Supreme Court of North Dakota.

Aug. 29, 2001.

Charles L. Neff (argued), Neff, Eiken &
Neff, Williston, and Robert J. Savage, Sav-
age Law Firm, Sidney, MT, for plaintiff
and appellant.

Fred E. Whisenand, Crowley, Haughey,
Hanson, Toole & Dietrich, P.L.L.P., Willi-
ston, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Farmers Alliance Mutual Insurance Co. ("Farmers Alliance") appealed from a judgment dismissing its claims against Hulstrand Construction, Inc. ("Hulstrand"), asserting that the trial court erred in denying its motion to amend the complaint. We affirm.

I

[¶ 2] In April 1995, Judy Pierce was injured when her vehicle was struck by one driven by Edward Shannon. The accident occurred in a construction zone where Hulstrand, the contractor on the project, had installed a new culvert. Pierce and her husband sued Shannon, who brought a third-party action seeking contribution against Hulstrand. The Pierces never brought any claim against Hulstrand.

[¶ 3] Shannon was insured by Farmers Alliance. In June 1998, the Pierces, Shannon, and Farmers Alliance agreed to settle the Pierces' claims for $300,000, the policy limits of Shannon's liability insurance. In August 1998, the Pierces executed a written release. The parties, including Hulstrand, signed a stipulation for dismissal of the Pierces' action against Shannon, but which reserved Shannon's third-party action against Hulstrand. Hulstrand subsequently moved for summary judgment, arguing an action for contribution was precluded under North Dakota's comparative fault and contribution statutes, as construed by this Court in *Target Stores v. Automated Maint. Servs., Inc.*, 492 N.W.2d 899 (N.D.1992). The trial court entered its memorandum opinion and order granting summary judgment on January 15, 1999.

[¶ 4] Shannon moved for a hearing and additional briefing on the issue whether the dismissal should be with or without prejudice. On May 27, 1999, while that motion was pending, the attorney for Shannon and Farmers Alliance procured an Addendum to Release of Claims, signed by the Pierces, which acknowledged that the Pierces had not intended to reserve any claims against Hulstrand and that any such claim "has been released and extinguished."

[¶ 5] Shannon's attorney attempted to introduce the Addendum at the hearing on Shannon's motion requesting the dismissal be without prejudice. Shannon's attorney argued that the Addendum demonstrated the original release from the Pierces to Shannon and Farmers Alliance had also released the Pierces' claims against Hulstrand, and that contribution was therefore appropriate because the Pierces' claims against Hulstrand had been released in the settlement and Shannon had paid more than his share of the settlement. The trial court refused to admit the Addendum into evidence.

[¶ 6] The trial court ordered dismissal with prejudice, and judgment was entered. We affirmed on appeal, concluding that, absent concerted action, there is no third-party claim for contribution among tortfeasors under North Dakota law. *See Pierce v. Shannon*, 2000 ND 54, 607 N.W.2d 878. We noted that Shannon did not challenge on appeal the trial court's refusal to admit the Addendum into evidence. *Id.* at ¶ 13, n. 1.

[¶ 7] In March 1999, while Shannon's motion on dismissal without prejudice was pending in the original action, Farmers Alliance brought this separate action for subrogation against Hulstrand. After the appeal in the first action was resolved, Farmers Alliance again contacted the Pierces and, on May 26, 2000, procured an Assignment of Claims from them. By the terms of the Assignment, the Pierces assigned any claims they had against Hulst-

rand to Farmers Alliance in exchange for five hundred dollars.

[¶ 8] In October 2000, Hulstrand moved to dismiss Farmers Alliance's subrogation action under N.D.R.Civ.P. 12(b)(v). Hulstrand argued that our prior opinion had determined Shannon had no right of contribution against Hulstrand and that Farmers Alliance through subrogation could acquire no greater rights than Shannon, its insured. Farmers Alliance filed a response to the motion and also moved to amend its complaint to allege a direct claim against Hulstrand based upon the Assignment from the Pierces. The trial court denied the motion to amend the complaint and granted Hulstrand's motion to dismiss. Judgment of dismissal was entered on December 19, 2000.

## II

[¶ 9] On appeal, Farmers Alliance does not challenge the trial court's decision to dismiss its subrogation claim against Hulstrand. Farmers Alliance's sole argument on appeal is that the court erred in denying its motion to amend the complaint to include a claim based upon the Assignment from the Pierces.

[¶ 10] Once a responsive pleading has been served, a complaint may be amended only by leave of court or by written consent of the adverse party. N.D.R.Civ.P. 15(a). A motion to amend a complaint under N.D.R.Civ.P. 15(a) lies within the sound discretion of the trial court, and we will not disturb the court's decision denying the motion absent an abuse of discretion. *Narum v. Faxx Foods, Inc.*, 1999 ND 45, ¶ 29, 590 N.W.2d 454; *Wishnatsky v. Huey*, 1997 ND 35, ¶ 11, 560 N.W.2d 878. A trial court abuses its discretion only when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned de-

termination. *Narum*, at ¶ 29. A trial court does not abuse its discretion when it denies a requested amendment which would be futile. *Messiha v. State*, 1998 ND 149, ¶ 12, 583 N.W.2d 385.

[¶ 11] Farmers Alliance argues the Pierces had a valid, enforceable tort claim against Hulstrand which they assigned to Farmers Alliance by the May 26, 2000 Assignment of Claims. Hulstrand argues that any claims the Pierces may have had are now barred by the August 1998 release and the May 27, 1999 Addendum. Farmers Alliance concedes that, if the Addendum is valid, their claims under the Assignment are barred. Farmers Alliance contends, however, that the May 27, 1999 Addendum is invalid and unenforceable because the Pierces received no new or additional consideration for the Addendum. Thus, without considering the procedural posture of this case, the dispositive issue on appeal is whether the Addendum is enforceable.

[¶ 12] We agree with Farmers Alliance that, when the parties to a contract subsequently agree to modify or alter the terms of their original contract, the agreement to modify ordinarily must be supported by new or additional consideration. *See Habeck v. MacDonald*, 520 N.W.2d 808, 811 (N.D.1994); 4 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 8:9 (1992); 17A C.J.S. *Contracts* § 411 (1999); *see also* N.D.C.C. § 9–09–06 (a written contract may be altered only by a contract in writing or by an executed oral agreement). However, when the parties sign a subsequent agreement by which they intend to merely clarify or explain the terms of the original contract, no new or additional consideration is necessary. *See, e.g., Rodin Properties–Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F.Supp.2d 709, 724 (D.N.J.1999); *Winegardner v. William J. Burns Int'l Detective Agency, Inc.*, 361

So.2d 1054, 1057–58 (Ala.1978); *Cutter Labs., Inc. v. Twining,* 221 Cal.App.2d 302, 34 Cal.Rptr. 317, 322 (1963); *Middlesex Concrete Prods. & Excavating Corp. v. Northern States Improvement Co.,* 129 N.J. Eq. 314, 19 A.2d 48, 51 (1941); *Estate of Hordeski v. First Fed. Sav. and Loan Ass'n,* 827 S.W.2d 302, 305 (Tenn.Ct.App. 1991); 17A C.J.S. *Contracts* § 411 (1999). When the subsequent writing is intended to merely clarify or explain the terms of the original contract, neither party acquires any additional benefit or burden; rather, the parties are merely acknowledging what they had already intended. Accordingly, no new consideration is required.

[¶ 13] The May 27, 1999 Addendum clearly indicates that the parties' intent was to merely clarify the terms of the earlier August 1998 release:

On August 10, 1998, Releasors entered into a RELEASE OF CLAIMS wherein they released Richard Shannon, Edward J. Shannon, and Farmers Alliance Mutual Insurance Company for the sum of $300,000.00 relating to the above-referenced incident. In such Release, Releasors expressly reserved "any and all claims against any person, organization, or entity not specifically released herein, including, but not limited to, any underinsured motorist claims and medical payment claims." In addition, Releasors represented in such Release "that additional claims are sustained by them as a result of the above-described incident of April 19, 1995." The intent of such reservation language was to preserve any underinsured motorist claim that Releasors had against their own insurance company, that being State Farm Insurance Companies. Such reservation language was not intended to preserve any claim that Releasors may have had against Hulstrand Construction Company under the laws of the State of North Dakota.

Based upon the foregoing Release with payment of $300,000.00 and the fully executed and filed Stipulation and Order of Dismissal with Prejudice, Releasors hereby acknowledge that any claim that they may have had against Hulstrand Construction Company has been released and extinguished so as to completely bar any claim by them against Hulstrand Construction Company in the future.

[¶ 14] This language clearly and unambiguously expresses the parties' intent to merely clarify, not modify or alter, the earlier release. The Addendum explains that it was not the intent of the reservation language in the original release to preserve a claim against Hulstrand, and that based upon the earlier release any claim the Pierces may have had against Hulstrand "has been released and extinguished." By using this language, rather than stating in present tense that the claim "is hereby released," the parties manifested their intent was to clarify the earlier release, not to modify or alter it.

[¶ 15] We conclude the May 27, 1999 Addendum did not require new or additional consideration and is valid and enforceable. Therefore, any claims the Pierces had against Hulstrand are barred and cannot be the basis of a valid cause of action by Farmers Alliance under the Assignment from the Pierces. Accordingly, we conclude the trial court did not abuse its discretion in denying Farmers Alliance's motion to amend the complaint.

[¶ 16] The judgment of dismissal is affirmed.

[¶ 17] SANDSTROM, NEUMANN, MARING and KAPSNER, JJ., concur.