Filed 6/21/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 121

Kathleen Godon, Plaintiff and Appellant

v.

Kindred Public School District, Defendant and Appellee

No. 20100356

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Douglas R. Herman, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Michael J. Geiermann, P.O. Box 2196, Bismarck, ND 58502-2196, for plaintiff and appellant.

Gary R. Thune (argued) and Tiffany L. Johnson (on brief), P.O. Box 400, Bismarck, ND 58502-0400, for defendant and appellee.

Godon v. Kindred Public School District

No. 20100356

VandeWalle, Chief Justice.

[¶1] 
Kathleen Godon appealed the district court’s judgment dismissing her complaint for breach of contract against the Kindred Public School District. We affirm.

I.

[¶2] 
On May 1, 2008, Godon entered into a teaching contract with the Kindred Public School District for the 2008-2009 school year.  The teaching contract, in part, set forth her salary and the length of her employment.  In addition to the teaching contract, Godon’s employment was subject to a professional negotiation agreement between the Kindred School Board and the Kindred Education Association.  
See
 N.D.C.C. § 15.1-16-13.  This more extensive agreement provided other terms of employment, including the base salary for a teacher in the District and the types and amounts of leave a teacher receives.  Specifically, the agreement provided two days of personal leave to a teacher with zero to seven years of teaching experience.  Under the agreement, pay would not be deducted when a teacher was granted personal leave.  The agreement did not provide for unpaid leave, but before the start of the school year, Godon asked the District administration to allow her to take off work from March 23 to 27, 2009, to travel to Greece.  The District approved her request, but required that she take unpaid leave for the days she could not apply personal leave. Godon agreed to these terms.

[¶3] On March 20, 2009, when school was not scheduled to be in session because of spring break, the District held school to make up for a storm day cancellation.  Godon did not work that day.  From March 23 to April 3, 2009, the District cancelled school to allow employees and students to respond to imminent flooding in the Red River and Sheyenne River valleys.  Employees were not required to assist with flood-fighting efforts.  Having received a commitment from the Department of Public Instruction that the District’s state funding would be secure, the District decided to treat the cancelled period as if school had been in session. The District paid all teachers who did not request leave for this period as if school had been in session.  Godon was one of four teachers who had previously requested and was granted leave during this period.  The District honored these leave requests and deducted their personal leave or were given leave without pay.

[¶4] Godon did not work five days when school was originally scheduled to be in session—March 23 through March 27, 2009.  Of these five days, the District applied one day of Godon’s personal leave and four days of unpaid leave.  The District applied Godon’s other day of personal leave to March 20, 2009, the make-up day for the earlier storm day cancellation.  The four days of unpaid leave amounted to an $853.32 deduction from her salary.

[¶5] Of the four teachers who had previously requested and were granted leave during the flood cancellation period, only Godon challenged the District’s decision and filed a grievance with the District.  She argued the District should not have applied a day of personal leave for March 23, 2009, or deducted $853.32 from her salary for March 24 to March 27, 2009.  She claimed she should have been paid like all other teachers in the District who did not teach during the flood period.  The District denied her grievance.

[¶6] Godon brought suit in district court, alleging the District breached her teaching contract and violated her equal protection rights under the North Dakota Constitution.  The superintendent of the District, Steve Hall, the principal of the school where Godon taught, Kent Packer, and Godon were deposed.  Godon filed a motion for summary judgment.  She claimed the District breached her teaching contract by deducting leave and pay when school was not in session.  She also argued the District violated her equal protection rights because the District treated her differently from other similarly-situated teachers.  The District filed a cross-motion for summary judgment, claiming the teaching contract was amended by the District’s approval of Godon’s leave request, which allowed her to travel to Greece.  The District also claimed it did not violate Godon’s equal protection rights because she was treated the same as the other three teachers who had previously requested and were granted leave during the flood cancellation from March 23 to March 27, 2009.

[¶7] The district court ruled in favor of the District, finding the District did not breach the contract and rejecting Godon’s constitutional claim.  Specifically, the district court found Godon’s teaching contract was amended when the District granted her 
request for leave to travel to Greece.  The amended contract, the district court explained, was supported by consideration.  Godon received the benefit of knowing months in advance she would be able to travel to Greece, and the District received the ability to deduct her pay for the days she would be absent, less her days of personal leave.  The district court also found the District did not violate Godon’s equal protection rights because she was treated the same as the other three teachers who had requested and were granted leave during the flood cancellation.

II.

[¶8] Godon argues the district court erred in finding the teaching contract was amended when the District granted her request for leave to travel to Greece.  She also contends the imminent flooding and resulting school cancellation frustrated the purpose of the teaching contract.

[¶9] Godon’s arguments largely turn on the construction of the terms of her teaching contract with the District.  “The construction of a written contract to determine its legal effect is a question of law.”  
See
 
Peterson v. North Dakota University System
, 2004 ND 82, ¶ 23, 678 N.W.2d 163.  We apply the same statutory rules of interpretation to teacher contracts as we do to other contracts of employment.  
Williston Education Assoc. v. Williston Public School Dist. No. 1
, 483 N.W.2d 567, 570 (N.D. 1992) (citing N.D.C.C. § 9-07-01).

[¶10] Godon entered into a teaching contract with the District for the 2008-2009 school year.  Godon and the District agree that no term in the contract explains their rights and duties when unpaid leave is granted for days when school is initially scheduled to be in session but later cancelled. 
 
Cf.
 N.D.C.C. § 9-07-02 (language of contract governs if clear).  Thus, the terms of the contractual relationship between Godon and the District must be interpreted according to their mutual intent at the time of contracting.  
See
 N.D.C.C. § 9-07-03.  A written contract can be altered by a contract in writing or by an executed oral agreement.  N.D.C.C. § 9-09-06.  An agreement to alter the terms of the contract must generally be supported by new or additional consideration.  
See
 
Farmers Alliance Mut. Ins. Co. v. Hulstrand Constr., Inc.
, 2001 ND 145, ¶ 12, 632 N.W.2d 473.

[¶11] Here, Godon executed a written contract with the District to teach in Kindred for 180 days in exchange for a salary and benefits.  Neither the teaching contract nor the professional negotiation agreement explain if and when unpaid leave could be granted.  Consequently, this contractual relationship was altered when the District granted Godon unpaid leave to allow her to travel to Greece.  The District released her from her obligation to completely fulfill her teaching requirements under the original contract. Specifically, Godon was granted unpaid leave, in the form of a salary reduction, for the days she was absent during the school cancellation, less her accumulated personal leave.

[¶12] The alteration of the terms of Godon’s teaching contract must be supported by new consideration.  
See
 
Farmers Alliance
, 2001 ND 145, ¶ 12.  Consideration includes “any benefit conferred or detriment suffered.”  
See
 
Gulden v. Sloan
, 311 N.W.2d 568, 572 (N.D. 1981) (citing N.D.C.C. § 9-05-01).  Godon argues the flood cancellation negated the District’s detriment to find and pay a substitute teacher in her absence.  This reasoning, however, does not recognize that Godon received the benefit of having several months notice of being able to travel to Greece without being in breach of the teaching contract—a benefit to which she was not entitled under the terms of the original teaching contract. Further, at the time of the alteration, the District received the benefit of knowing it would not have to pay Godon for the days she was in Greece, less her accumulated personal leave.  The record does not indicate whether or not the District had already arranged to cover Godon’s classes at the time the District cancelled classes.  The alteration of Godon’s teaching contract was supported by new consideration. 

[¶13] Under the altered contract, Godon argues the District breached its duty not to reduce her salary for being absent during days that were originally scheduled to be in session but were later cancelled.  “A breach of contract is the nonperformance of a contractual duty when it is due.”  
WFND, LLC v. Fargo Marc, LLC
, 2007 ND 67, ¶ 13, 730 N.W.2d 841.  The party asserting breach has the burden of proving the elements of a prima facie case for breach, which are: “(1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach.”  
Id.
  The breach of a contract is a finding of fact that will not be reversed on appeal unless it is clearly erroneous.  
Id.
 

[¶14] Godon failed to establish a prima facie case for breach.  The alteration of the contract provided that Godon would receive unpaid leave for the ability to travel to Greece without breaching her teaching contract.  These expectations of the parties were fulfilled.  Godon traveled to Greece without being in breach of her teaching contract, and the District reduced Godon’s pay by granting her unpaid leave.  The district court order, finding the altered contract was “honored and performed” by the District, is not clearly erroneous.

[¶15] Notwithstanding this conclusion, Godon argues her duty to be available to teach during the cancellation was discharged because the flood cancellation frustrated the principal purpose of the contract. Frustration of purpose is generally “a defense to a breach of contract claim and constitutes an avoidance of all or part of a plaintiff’s contract claim.”  
WFND, LLC
, 2007 ND 67, at ¶ 18 (citing 30 R. Lord, 
Williston on Contracts
 §§ 77:6 and 77:95 (4th ed. 2004)).  “Frustration of purpose occurs when after a contract is made, a party’s principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made.”  
Red River Wings, Inc. v. Hoot, Inc.
, 2008 ND 117, ¶ 56, 751 N.W.2d 206 (quotations omitted). 

[¶16] 
Godon’s frustration of purpose argument is, at its core, an extension of her breach of contract claim.  There was no breach of contract, and therefore, the District had no obligation to compensate her for days she was not available to teach during the flood cancellation, less a day of personal leave.

III.

[¶17] 
Godon argues the District violated her equal protection rights as a “class of one” because it acted arbitrarily by deducting her pay but not deducting the pay of other teachers who did not teach during the flood cancellation.  Godon asks this Court to extend class-of-one rights to public employees under the equal protection clause of the North Dakota Constitution.  Class-of-one protection does not apply to public employees under the equal protection clause of the United States Constitution.  
See
 
Enquist v. Oregon Dep’t of Agriculture
, 553 U.S. 591, 607 (2008).  As Godon has offered no adequate basis for an alternative interpretation under the North Dakota Constitution, we hold her argument to be without merit.  Even if this claim existed under the North Dakota Constitution, the District’s action was not arbitrary because Godon was treated the same as the other three teachers who had previously requested and were granted leave during the flood cancellation from March 23 to March 27, 2009.

IV.

[¶18] We affirm the district court’s judgment dismissing Godon’s complaint against the District.

[¶19] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom