2012 ND 141

**EVI COLUMBUS, LLC, Plaintiff and Appellee,**

v.

**Timothy C. LAMB and Elizabeth Fletcher Lamb, and any person in possession; and all persons unknown claiming any interest in or lien or encumbrance upon the real estate described in the Complaint, Defendants and Appellants.**

No. 20110320.

Supreme Court of North Dakota.

July 12, 2012.

Rehearing denied August 16, 2012.

Scott J. Landa (argued) and Sara R. Heilman (appeared), Grand Forks, N.D., for plaintiff and appellee.

John J. Gosbee (argued), Fort Yates, N.D., for defendants and appellants.

MARING, Justice.

[¶ 1] Timothy and Elizabeth Lamb ("Lambs") appeal from a summary judgment cancelling their contract for deed with EVI Columbus, LLC ("EVI") and awarding EVI its costs incurred in cancelling the contract for deed. We conclude the trial court did not abuse its discretion by denying the Lambs' motion to amend their answer to include counterclaims against EVI and refusing to construe the Lambs' affirmative defenses as counterclaims; the trial court properly granted EVI's motion for summary judgment awarding a $150 personal judgment against the Lambs to EVI for its costs and disbursements; and we deny EVI's request for double costs and attorney's fees related to the appeal.

I

[¶ 2] In June 2009, the Lambs and EVI executed a contract for deed in which the Lambs agreed to purchase real property from EVI for the price of $172,900.00. The terms of the contract for deed required the Lambs to make monthly payments covering principal and interest starting on September 1, 2009, until September 1, 2012, when the entire accrued unpaid balance of principal and accrued interest would be paid in full. The contract for deed also required the Lambs to pay prorated portions of the real estate taxes and special assessments associated with the property starting on February 1, 2010. The contract for deed stated the Lambs agreed to purchase the property "AS IS" and further stated any default on any of the payments would allow EVI to declare the entire indebtedness immediately due and terminate, cancel, or foreclose the contract. The contract for deed included a provision stating the Lambs agreed to pay, in the event of default, EVI's costs, expenses, and attorney's fees incurred in cancelling the contract for deed in addition to all sums and costs allowed by law.

[¶ 3] According to the record, after execution of the contract for deed, the Lambs made late monthly payments in September 2009, October 2009, December 2009, January 2010, February 2010, March 2010, May 2010, June 2010, and July 2010; the Lambs did not make monthly payments in either November 2009 or April 2010; the Lambs made no monthly payments after the July 2010 payment; and the Lambs have not made any of the real estate tax or special assessment payments.

[¶ 4] EVI served and filed a complaint and an amended complaint in October 2010 for cancellation of the contract for deed. The Lambs served and filed an answer on October 25, 2010. The Lambs' answer asserted affirmative defenses and requested EVI's complaint be dismissed but did not contain any counterclaims. On March 21, 2011, EVI moved for summary judgment. The Lambs, attempting to amend their answer to include a counterclaim, filed an "Amended Pleading: Counterclaim" on April 18, 2011, and moved the court for permission to amend the answer to include a counterclaim on July 1, 2011. The trial court granted EVI's motion for summary judgment on July 13, 2011. In its order, the trial court found the Lambs were in default and cancelled the parties' contract for deed. The court accelerated the entire amount of the Lambs' indebtedness, granted a one-month redemption period, and ordered the Lambs to pay EVI's

attorney's fees and costs.[1] On September 2, 2011, the Lambs again moved the court for permission to amend their answer and assert a counterclaim. The court denied the Lambs' motion and entered judgment in favor of EVI on October 26, 2011, and the Lambs appealed.

[¶ 5] The Lambs contend their designation of affirmative defenses in their original answer is sufficient as an allegation of counterclaims. The Lambs also contend an implied warranty of fitness for a particular purpose is applicable to defeat the "AS IS" clause contained in the contract for deed. Finally, the Lambs argue the trial court erred by awarding EVI the amount of $150 as costs and awarding costs as a personal judgment against them.

## II

[¶ 6] The Lambs argue the trial court erred by granting summary judgment in favor of EVI, thereby cancelling the contract for deed. This Court's standard for reviewing a disposition by summary judgment is well-established:

"Under N.D.R.Civ.P. 56, summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party moving for summary judgment must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. A district court's decision on a motion for summary judgment is a question of law that we review de novo on the record. In determining whether summary judgment was appropriately granted, we view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record."

*Kost v. Kraft*, 2011 ND 69, ¶ 4, 795 N.W.2d 712 (quoting *Bragg v. Burlington Res. Oil & Gas Co. LP*, 2009 ND 33, ¶ 5, 763 N.W.2d 481). The Lambs did not raise any genuine issues of material fact to dispute the trial court's finding they defaulted on the contract for deed with EVI by failing to make monthly payments and failing to pay taxes and special assessments. Rather, they resisted EVI's motion for summary judgment by asserting genuine issues of material fact existed as to whether the construction of the property purchased under the contract for deed was defective.

[¶ 7] On appeal, the Lambs contend summary judgment is inappropriate because the trial court abused its discretion by denying their motion to amend their answer to assert counterclaims and by refusing to construe the affirmative defenses raised in their answer as counterclaims.

## A

[¶ 8] EVI filed its complaint and amended complaint in October 2010, the Lambs answered in October 2010, and EVI moved for summary judgment on March 21, 2011. On April 18, 2011, without seeking or obtaining the court's leave, the Lambs filed a document entitled "Amended Pleading: Counterclaim." EVI moved to strike the Lambs' "Amended Pleading: Counterclaim" on April 28, 2011, contending the Lambs failed to seek leave of the court to amend their answer as required under Rule 15, N.D.R.Civ.P. On May 12, 2011, the Lambs filed an untimely response to EVI's motion to strike, and EVI

---

1. In a subsequent order, dated October 24, 2011, upon agreement of the parties, the court stated it would not award EVI its attorney's fees.

filed its reply brief supporting its motion to strike the Lambs' "Amended Pleading: Counterclaim" on May 17, 2011. The Lambs also filed a document entitled "In the Alternative, Request for Leave to File Counterclaim" on May 17, 2011. EVI filed an "Objection to Defendants' Request for Leave to File Counterclaim" on June 3, 2011, contending the Lambs' "Request" was untimely, not a proper motion, and prejudicial to EVI. A hearing on EVI's motion to strike was held June 7, 2011. We do not have a transcript of that hearing, and there is no indication in the record of the outcome of that hearing. However, three weeks later, on July 1, 2011, the Lambs properly moved to amend, asking the trial court to "take leave and amend their Answer with a counterclaim." The Lambs did not request a hearing on this motion, and neither did EVI when it filed a "Brief in Opposition to Defendants' Motion to Amend" on July 18, 2011. The trial court did not address this motion before it granted EVI's motion for summary judgment on July 13, 2011. The trial was scheduled for August 31, 2011. On September 2, 2011, the Lambs moved for relief from the order and again to amend their answer to assert a counterclaim. The Lambs' July 1, 2011, motion to amend was not raised to the trial court in their September 2, 2011, motion, nor was it raised to this Court on appeal.

### B

 [¶ 9] Rule 15(a), N.D.R.Civ.P., governs amendments to pleadings before trial. Under N.D.R.Civ.P. 15(a)(1), a party is allowed to amend its pleading once as a matter of course either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If a party is unable to amend its pleading under N.D.R.Civ.P. 15(a)(1), the party may still amend the pleading under N.D.R.Civ.P. 15(a)(2) "with the opposing party's written consent or the court's leave," and the trial court's "[l]eave shall be freely given when justice so requires." When deciding matters related to "amending pleadings after the time for an amendment as a matter of course has passed[,]" trial courts have "wide discretion." *Grandbois & Grandbois, Inc. v. City of Watford City*, 2004 ND 162, ¶ 11, 685 N.W.2d 129. This Court "will not reverse a trial court's grant or denial of a motion to amend absent an abuse of discretion." *Id.* "A trial court abuses its discretion only when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Farmers Alliance Mut. Ins. Co. v. Hulstrand Construction, Inc.*, 2001 ND 145, ¶ 10, 632 N.W.2d 473.

[¶ 10] The trial court ordered summary judgment in favor of EVI on July 13, 2011, and ordered the contract for deed cancelled subject to a one-month redemption period. The Lambs again moved to amend their answer to assert counterclaims on September 2, 2011, one and a half months after the trial court granted EVI's motion for summary judgment and approximately two months after their initial July 1, 2011, motion to amend. The trial court denied the Lambs' motion to amend their answer based on untimeliness. In its order denying the Lambs' motion, the trial court concluded the Lambs could have asserted the counterclaims in their answer to EVI's amended complaint or at any time before the order for summary judgment. The court also concluded allowing the Lambs to amend their answer after the court had already granted EVI's motion for summary judgment would work an injustice to and prejudice EVI, who was

seeking only to cancel the contract for deed and not a money judgment.

[¶ 11] The trial court's scheduling order of May 16, 2011, set June 30, 2011, as the discovery deadline and August 31, 2011, as the date for trial. The time allowing for an amendment as a matter of course had long since passed when the Lambs moved to amend on both July 1, 2011, and September 2, 2011. Further, the record indicates the Lambs were aware of the facts relating to their proposed counterclaims as early as October 2010, when the Lambs served EVI with their answer and requests for admission, and the record supports the trial court's finding that the proposed counterclaims were not based on newly discovered evidence. Despite being aware of facts that may have allowed them to assert a cognizable counterclaim, the Lambs did not initially move to amend until July 1, 2011, well after the May 16, 2011, hearing on EVI's motion for summary judgment, and eight months after filing their answer. The record also indicates that delay would prejudice EVI because the order for summary judgment only provides the equitable relief of cancellation of the contract for deed, and, until the judgment is entered and the redemption period has run, the Lambs will continue to live in the property without making payments, and EVI cannot recover those payments. We conclude the trial court did not abuse its discretion by denying the Lambs' September 2, 2011, motion to amend their answer to assert counterclaims.

## C

[¶ 12] The Lambs argue the trial court abused its discretion by refusing to construe the affirmative defenses raised in their answer as counterclaims. The Lambs contend the affirmative defenses listed in their initial answer to EVI's amended complaint should be treated as counterclaims. In their answer, the Lambs alleged:

Defendants also assert affirmative defenses, including, but not limited to: 1) breach of an implied warranty of habitability; 2) intentional non-disclosure of material defects; 3) negligent failure to disclose material defects; and 4) breach of the covenant of quiet enjoyment of one's property.

Rule 8(a), N.D.R.Civ.P., explains:

A pleading that states a claim for relief . . . must contain:

(1) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(2) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Lambs' affirmative defenses include neither of these required statements. The Lambs' answer never requested any relief other than a dismissal of the complaint. The Lambs' answer never requested damages or some other form of relief, as is commonplace in the context of claims and counterclaims. Without the statements required by N.D.R.Civ.P. 8(a), it is impossible for either the court or the opposing party to respond. We conclude the trial court did not abuse its discretion by denying the Lambs' motion to treat the affirmative defenses as counterclaims.

## III

[¶ 13] The Lambs argue the trial court erred by granting summary judgment because the doctrine of implied warranty of fitness for a purpose should be applied to transactions involving the sale of a new residence. In *Dobler v. Malloy*, we held:

[T]he doctrine of implied warranty of fitness for the purpose applies to construction contracts under circumstances

where (1) the contractor holds himself out, expressly or by implication, as competent to undertake the contract; and the owner (2) has no particular expertise in the kind of work contemplated; (3) furnishes no plans, designs, specifications, details, or blueprints; and (4) tacitly or specifically indicates his reliance on the experience and skill of the contractor, after making known to him the specific purposes for which the building is intended.

214 N.W.2d 510, 516 (N.D.1973). The Lambs argue that, in addition to contractors building new homes under construction contracts, this implied warranty should be applied to a developer selling a new home. However, we have concluded the trial court did not err by denying the Lambs' leave to assert counterclaims and we, therefore, do not address this issue. In addition, the Lambs did not raise this issue to the trial court in any of their filings, including the proposed counterclaims the Lambs sought to assert in their answer. This Court generally does not consider issues or arguments raised for the first time on appeal. *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746. Because the issue of application of an implied warranty of fitness for a purpose to sales of new homes was not raised to the trial court, we will not consider it now for the first time on appeal.

IV

[¶ 14] The Lambs argue the trial court erred by awarding EVI a personal judgment against them for $150 of EVI's costs. The Lambs also claim EVI requested $140 in costs, not $150. The Lambs contend the award should be included as an additional amount required to redeem the property and should not take the form of a personal judgment against them. However, the Lambs have not supported their position with any authority and did not object to either the personal nature of the judgment or the $150 amount indicated in the statement of costs and disbursements EVI submitted to the trial court. "To take advantage of irregularities during trial, a party must object at the time they occur, so that the trial court may take appropriate action if possible to remedy any prejudice that may have resulted. A party's failure to object to an irregularity at trial acts as a waiver." *Piatz v. Austin Mut. Ins. Co.*, 2002 ND 115, ¶ 7, 646 N.W.2d 681 (citations omitted). The Lambs' failure to object to this alleged error operates as a waiver; thus, we will not review the trial court's decision for error with regard to this issue.

V

[¶ 15] EVI argues the Lambs' appeal is frivolous and requests this Court to award it double costs and attorney's fees expended to defend the appeal.

[¶ 16] Rule 38, N.D.R.App.P., states, "[i]f the court determines that an appeal is frivolous ... it may award just damages and single or double costs, including reasonable attorney's fees." " 'An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith.' " *Holbach v. Holbach*, 2010 ND 116, ¶ 17, 784 N.W.2d 472 (quoting *Healy v. Healy*, 397 N.W.2d 71, 76 (N.D.1986)).

[¶ 17] We do not believe the Lambs' arguments were wholly without merit; and thus, we decline to award double costs and attorney's fees.

VI

[¶ 18] We conclude the trial court did not abuse its discretion by denying the Lambs' motion to amend their answer to assert counterclaims against EVI and re-

fusing to construe the Lambs' affirmative defenses as counterclaims. We affirm the trial court's summary judgment and its award to EVI of a $150 personal judgment against the Lambs for EVI's costs and disbursements. Finally, we deny EVI's request for double costs and attorney's fees related to this appeal.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.