2015 ND 136

**WARD FARMS PARTNERSHIP, or Lucinda Ward, Michael Ward, Adrian Ward, Nichole Ward, Elizabeth Ward, Arthur Ward as a partnership d/b/a Ward Farms, Plaintiffs and Appellants**

v.

**ENERBASE COOPERATIVE RESOURCES, a/k/a Farmers Union Oil**

Company of Minot, Defendant and Appellee.

No. 20140104.

Supreme Court of North Dakota.

May 27, 2015.

Michael Ward (argued) and Brandon D. Rowenhorst (appeared), Minot, ND, for plaintiffs and appellants.

Steven A. Lautt, Minot, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Ward Farms Partnership and others ("Ward Farms") appeal from a district court judgment denying its motion to amend its complaint and granting a summary judgment motion in favor of Enerbase Cooperative Resources ("Enerbase"). We conclude the district court did not abuse its discretion in denying Ward Farms' motion to amend, and the district court did not err in granting Enerbase's summary judgment motion because Ward Farms did not raise an issue of material fact regarding its claim. We affirm the district court judgment.

I

[¶ 2] This case stems from Ward Farms' purchase of Enerbase's tractor at a third-party auction sale. Michael Ward, a partner of Ward Farms, attended an auction sale, registered as a buyer, and was issued a bidding card which he admitted signing. The bidding card stated, in pertinent part:

ALL ITEMS ARE SOLD AS IS, WHERE IS, WITHOUT GUARANTEE OF ANY KIND. The descriptions of items appearing in advertising prior to this auction are believed to be correct. Nevertheless, neither those descriptions nor any oral statements made by the Owner (or his agents or officers) or the Auctioneers (or his agents or officers) concerning any item shall be construed as a warranty, either expressed or implied.

(Capitalization in original.) Michael Ward was the high bidder of Enerbase's tractor with a winning bid of $19,000, and he subsequently signed a bill of sale which stated, "All items sold As–Is, Where–Is.... ALL SALES ARE FINAL." (Capitalization in original.)

[¶ 3] Shortly after the sale, Ward Farms discovered the tractor required significant repairs. At Ward Farms' request, Enerbase inspected the tractor and estimated the repair costs as ranging from $19,550 to $31,430. Subsequently, Ward Farms sued Enerbase alleging fraud, misrepresentation, deceit, and breach of express and implied warranties. Ward Farms sought alternative remedies of rescission or damages.

[¶ 4] In its complaint, Ward Farms alleges it was told at the auction the tractor was "field ready" and had been recently used at a local race track to level roads. In Ward Farms' Answers to Defendant's Interrogatories, Ward Farms stated, "[t]he auctioneer advised he understood from the seller that [the tractor] was in good shape and had only been used a little at the race track." During Michael Ward's deposition, when asked if the phrase "field ready" was ever used to describe the tractor, Michael Ward stated, "I don't think they used 'field ready,' but that's what almost all the equipment is supposed to be." He also testified at the deposition the auctioneer stated during the sale "that [Enerbase] had had the item on the lot looking for a buyer there." Michael Ward also testified at his deposition that when he visited Enerbase's shop several days before the auction, two or three unidenti-

fied Enerbase employees told him that "they didn't know of anything wrong with [the tractor] and that it had been on the lot."

[¶ 5] Enerbase moved for summary judgment seeking to dismiss all of Ward Farms' claims. Ward Farms opposed the motion and filed a motion to amend its complaint to include a claim of unconscionability. The district court granted Enerbase's summary judgment motion and denied Ward Farms' motion to amend the complaint.

## II

[¶ 6] On appeal, Ward Farms argues the district court abused its discretion in denying Ward Farms' motion to amend and erred in granting Enerbase's summary judgment motion. Ward Farms argues the statements made at the auction constitute fraud, and Enerbase is attempting to hide behind the auction yard's waiver of warranties.

[¶ 7] Summary judgment is the proper method to resolve a controversy, without a trial, if the evidence demonstrates there is no genuine issue of material fact or only questions of law remain, and a party is entitled to judgment as a matter of law. *Fetch v. Quam*, 2001 ND 48, ¶ 8, 623 N.W.2d 357. Evidence must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Id.* Because it is a question of law, this Court reviews whether a trial court properly granted summary judgment under a de novo standard of review. *Id.*

## III

[¶ 8] Ward Farms argues the statement that the tractor is "field ready" "is itself [a] warranty," and "[t]he fact that the tractor could not be used for any use would support fraud." In addition, Ward Farms argues that because Enerbase was able to determine the tractor had no value after a quick inspection of it after the sale implies "it was done for the purpose of deception."

[¶ 9] In North Dakota, actionable fraud "includes the making of an affirmative statement of fact, known to be untrue, with intent to deceive another or induce another to enter into a contract." *Kary v. Prudential Ins. Co. of America*, 541 N.W.2d 703, 705 (N.D.1996); *see also* N.D.C.C. § 9–03–08. Actionable fraud also includes the "suppression of that which is true by one having knowledge or belief of the fact." N.D.C.C. § 9–03–08(3).

[¶ 10] An essential element of fraud is "that there be a false representation of a material fact which either exists in the present or has existed in the past." *Sperle v. Weigel*, 130 N.W.2d 315, 320 (N.D.1964). Fraud is never presumed; rather, it must be proven by clear and convincing evidence. *Kary*, 541 N.W.2d at 705; *see also Heart River Partners v. Goetzfried*, 2005 ND 149, ¶ 19, 703 N.W.2d 330 ("A party alleging fraud has the burden of proving each element by clear and convincing evidence."). However, because intent to defraud is generally not prone to direct proof, it may be inferred from the circumstances at the time of the transaction. *American Bank Ctr. v. Wiest*, 2010 ND 251, ¶ 12, 793 N.W.2d 172. Actions involving state of mind, like fraud, are generally not suited for disposition by summary judgment, but "if a plaintiff fails to support his opposition to a summary judgment motion with sufficient facts to show that there is a genuine issue for trial, then, even in these cases, summary judgment is appropriate." *Kary*, 541 N.W.2d at 706.

[¶ 11] Statements of opinion, such as expressions by the seller com-

mending the item up for sale, are not actionable, even if untrue. *Dahl v. Messmer*, 2006 ND 166, ¶ 15, 719 N.W.2d 341. These expressions are generally called "puffing" and are considered mere dealer's talk. *Id.* Statements of opinion, or those amounting to mere puffery, do not constitute fraud. *Golden Eye Res., LLC v. Ganske*, 2014 ND 179, ¶ 23, 853 N.W.2d 544.

[¶ 12] Enerbase argues *Dahl*, 2006 ND 166, 719 N.W.2d 341, is analogous. In *Dahl*, at ¶¶ 2–3, plaintiffs purchased the defendant's hunting lodge after the defendant claimed it made approximately $51,000 per hunting season, the furnaces were in good shape, the roof was under warranty, and it cost $500 per year to insure. This Court determined the district court properly granted judgment as a matter of law because the plaintiffs had purchased the lodge "as is" and presented no evidence that the defendant's statements amounted to fraud or deceit. *Id.* at ¶ 16.

[¶ 13] In contrast to *Dahl*, in *Golden Eye*, this Court determined the alleged misrepresentations went "well beyond mere puffery, sales talk, or opinion." 2014 ND 179, ¶ 24, 853 N.W.2d 544. During mineral lease negotiations with the Borgens, Golden Eye allegedly stated it had successfully drilled wells in the past, it had a "permit man" actively securing drilling permits, it had acquired 7,000 mineral acres in one township, it had operating permits in the Borgens' area, it had "operating/drilling control" over the sections where the Borgens' minerals were located, and that Dick McKee owned his own equipment and was very experienced in drilling horizontal wells. *Id.* at ¶¶ 13, 24. This Court determined such statements were "concrete, finite facts which allegedly induced the Borgens to enter into the leases with Golden Eye," and the district court erred in holding those statements were not

material to the Borgens' fraudulent inducement claims. *Id.* at ¶ 24.

[¶ 14] Enerbase argues none of the alleged statements are actionable for fraud or any other related cause of action. It contends the alleged statements that the tractor was "field ready" or "in good shape" are merely expressions by the seller commending the item he is selling; thus, they are "puffing" and are not actionable for fraud. In addition, Enerbase argues the other alleged statements, including that the tractor had previously been for sale on Enerbase's lot and had recently been used at the local race track, do not constitute material facts concerning the tractor's condition or value and, even if material, they are puffery and do not amount to fraud.

[¶ 15] The district court noted Ward Farms did not offer evidence beyond its complaint establishing an intent to deceive or any other element of fraud. But assuming, for purposes of deciding the summary judgment motion, the alleged statements were made, the district court held the auctioneer's alleged statements did not induce Michael Ward to purchase the tractor. Rather, like in *Dahl*, the alleged statements the tractor was "field ready" or "in good shape" are puffery because they were expressions or opinions by the seller commending the item being sold. We agree with the district court that the alleged statements constitute puffery and, even if made, did not amount to fraud.

[¶ 16] Similarly, the district court held that assuming the alleged statements that the tractor had been recently used at a local race track and that it had previously been for sale on Enerbase's lot were made, such statements do not make a claim as to a material fact concerning the condition or value of the tractor inducing Michael Ward to purchase the tractor. The district court, relying on *Dahl*, found,

"Even when viewing those statements in a light most favorable to Ward Farms, they are at best puffery and dealer's talk. Puffery and dealer's talk 'fall within the class of statements whose truth or falsity cannot be precisely determined' and are therefore not actionable as misrepresentation of fact." We conclude the district court did not err in granting Enerbase's summary judgment motion.

## IV

[¶ 17]   Ward Farms argues Enerbase breached the express and implied warranties of merchantability because the tractor is defective; Ward Farms also argues the statement "made at the auction that the tractor is field ready is itself [a] warranty" and that Enerbase is attempting to hide behind the auction yard's bill of sale language.

[¶ 18]   Enerbase argues all warranties were waived and disclaimed because Ward Farms admitted signing the bill of sale and bidding card which contained the "as is" language.

[¶ 19]   An expression regarding the value of the goods or a seller's opinion or commendation of the goods does not create a warranty.   N.D.C.C.   § 41–02–30(2). However, "[u]nless excluded or modified ... a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."   N.D.C.C. § 41–02–31(1).   "[A]ll implied warranties are excluded by expressions like 'as is', 'with all faults', or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."   N.D.C.C.   § 41–02–33(3)(a). An official comment to the statute discusses terms like "as is" or "with all faults," stating, "[s]uch terms in ordinary commercial usage are understood to mean that the buyer takes the entire risk as to the quality of the goods involved."   N.D.C.C. § 41–02–33 cmt. 7.

[¶ 20]   The bill of sale, signed by Michael Ward, states in clear, conspicuous language: "The undersigned, as purchaser, states that he has purchased at public auction the above listed items and therefore understands that they do not carry any warranty.   All items sold As–Is, Where–Is .... The undersigned acknowledges that he/she has read the foregoing statement ... ALL SALES ARE FINAL."   (Capitalization in original.)   We conclude the district court correctly determined the bill of sale fulfilled the requirements of N.D.C.C. § 41–02–33(3)(a).

[¶ 21]   A party opposing a summary judgment motion "may not rely upon the pleadings or unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other means that raises an issue of material fact, and must draw the court's attention to relevant evidence in the record that raises an issue of material fact." *Ward v. Bullis*, 2008 ND 80, ¶ 14, 748 N.W.2d 397.   "Mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim." *Zuger v. State*, 2004 ND 16, ¶ 8, 673 N.W.2d 615.

[¶ 22]   Both the bidder contract and the bill of sale contained clear and conspicuous language disclaiming any warranties and stating all items are sold "as is," and Michael Ward admitted signing both documents.   Ward Farms did not raise an issue of material fact regarding its breach of warranty claims.   We conclude the district court did not err in granting Enerbase's summary judgment motion.

## V

[¶ 23]   Ward Farms argues the district court abused its discretion in deny-

ing Ward Farms' motion to amend the complaint to include a claim of unconscionability. In support of its position, Ward Farms points out that one of its attorneys was added to the case in November 2013, after the deadline for filing nondispositive motions had passed, and the attorney promptly filed the motion after entering the case. Ward Farms also argues either the bill of sale or the bidder contract amounts to an adhesion contract as it was offered on a "take it or leave it" basis, and the "as is" language is unconscionable and against public policy.

[¶ 24] Enerbase argues the district court did not abuse its discretion in denying Ward Farms' motion to amend because it was untimely and would not survive a summary judgment motion.

[¶ 25] A district court is afforded wide discretion in determining whether to allow parties to amend pleadings after the time for amendments has passed, and this Court reviews such decisions under an abuse of discretion standard. *Thimjon Farms P'ship v. First Int'l Bank & Trust*, 2013 ND 160, ¶ 28, 837 N.W.2d 327. It is not an abuse of discretion if a district court denies a motion to amend if the proposed amendment would be futile. *Id.* If a motion to amend is not brought until after discovery has closed and a summary judgment motion is docketed, "an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence." *Id.* (citation omitted). The amendment is futile if the proposed claim would not survive a summary judgment motion. *Id.*

[¶ 26] "The issue of whether a contractual provision is unconscionable is a question of law." *Rutherford v. BNSF Ry. Co.*, 2009 ND 88, ¶ 21, 765 N.W.2d 705. However, courts must look to the totality of the circumstances because determining unconscionability is fact-specific. *Id.* This Court uses a two-prong test to determine whether a contractual provision is unconscionable. *Id.* at ¶ 22. The first prong, procedural unconscionability, considers factors such as unfair surprise and inequality of bargaining power, while the second prong is substantive unconscionability which looks to the harshness or one-sidedness of the provision at issue. *Id.*

[¶ 27] There is no dispute the motion to amend was untimely. According to the stipulated scheduling order, the parties had until October 25, 2013 to file nondispositive motions. After that deadline passed, Ward Farms filed its motion to amend the complaint on November 22, 2013, less than two months before trial was scheduled. Because the time for amendments passed, the district court is afforded wide discretion in determining whether to allow a party to amend the pleadings. *See Thimjon*, 2013 ND 160, ¶ 28, 837 N.W.2d 327. The district court denied Ward Farms' motion, noting its untimeliness, and determined there was no adhesion contract.

[¶ 28] Ward Farms argues the "as is" language in either the bill of sale or the bidder contract gives rise to an adhesion contract; however, it ignores the fact that North Dakota law allows the sale of goods "as is." *See* N.D.C.C. § 41–02–33(3)(a). The district court addressed the inequality of bargaining power issue by noting Michael Ward understood the tractor was being auctioned off "as is," he was an experienced farmer and attorney, and he was experienced in attending auctions and buying auction items. The district court held this was not a situation in which "one party was so disadvantaged by the position of the other that the contract became a contract of adhesion." We conclude the district court did not abuse its discretion in

denying Ward Farms' motion to amend because it was untimely, and the proposed amendment was futile; the new claim would not survive a summary judgment motion. We affirm the district court judgment.

[¶ 29] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.